## GIBSON v. McGURRIN et al.

No. 2060. Decided January 10, 1910 (106 Pac. 669).

1. QUIETING TITLE—PLEADING POSSESSION. Under Comp. Laws 1907, sec. 3511, providing that an action may be brought by any person against another who claims an estate or interest in real property, adverse to him, to determine such adverse claim, a complaint in an action to quiet title need not allege possession of the property in plaintiff.[1]  (Page 165.)

2. JURY—RIGHT TO TRIAL BY JURY—WAIVER. Const., art. 1, sec. 10, provides that a jury in civil cases shall be waived unless demanded. Comp. Laws 1907, sec. 3129, provides that a jury must be demanded prior to the time of setting such action for trial, or within such reasonable time thereafter as the court may order, and the applicant must at the same time deposit with the clerk the sum of five dollars. *Held* that, where a claimant to property sues, either under Comp. Laws 1907, sec. 3511, to quiet title, or in ejectment, and does not demand a jury trial, he waives his right to a jury trial.[2]  (Page 167.)

3. QUIETING TITLE—EJECTMENT—CHOICE OF REMEDIES. One who is not in possession of real property, and who claims the title thereto,

---

[1] Wey v. Salt Lake City, 101 Pac. 381.

[2] State v. Cherry, 22 Utah, 1, 60 Pac. 103.

may either bring an action to quiet title, under Comp. Laws 1907, sec. 3511, providing that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, to determine such adverse claim, or he may sue in ejectment. (Page 167.)

4. QUIETING TITLE—NECESSITY FOR PROVING POSSESSION. One who claims the title to property, and brings an action to quiet title, under Comp. Laws 1907, sec. 3511, providing that an action may be brought by any person against another who claims an estate or interest in real property, adverse to him, to determine such adverse claim, need not prove that he is in possession, or entitled thereto, but it is sufficient if he establishes that the legal title is in him, and that defendants have no right, title, or interest adverse to him in the premises. (Page 167.)

5. QUIETING TITLE—EVIDENCE OF POSSESSION. On proof by plaintiff, in an action to quiet title, that the legal title is in him, the law presumes that he was in constructive possession; and, in the absence of evidence to the contrary, it will be presumed that he was entitled to the actual possession of the land in controversy, and proof that the legal title is in plaintiff is sufficient to support a finding that he is entitled to possession. (Page 167.)

6. STIPULATIONS—CONSTRUCTION—STIPULATION AS TO EVIDENCE. In an action to quiet title, defendant's objection to the introduction of any evidence on the ground that the complaint did not state a cause of action, that it did not allege possession by plaintiff, nor show by what right plaintiff claimed to be the owner, nor by what right he claimed to be entitled to possession, was overruled, and a patent covering the land in question was admitted in evidence for plaintiff, and a deed from the grantee in the patent which referred to the patent and conveyed a part, if not all, of the land described in the patent, was offered. Defendants thereupon agreed to shorten the record by merely giving the grantors and grantees and the description of the property, conceding that "the description was the one in question," and to allow the deed offered by plaintiff to be received in evidence subject to the general objection already made, and plaintiff offered in evidence, subject to the same objection, deeds which showed a chain of title from the grantee in the patent to himself. *Held,* that the finding of the court that the property described in the complaint was included in the description in the patent was sustained by the evidence; the admission by counsel being in effect that the description in the complaint was covered by that in the patent and deeds. (Page 168.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Judge George J. Gibson against Frank E. Mc-Gurrin and others.

Judgment for plaintiff. Frank E. McGurrin and others appeal.

AFFIRMED.

*Geo. W. Bartch* and *O. A. Murdock,* for appellants.

*J. Walcott Thompson* for respondent.

### APPELLANTS' POINTS.

The general rule is, both in equity and under statute which do not expressly grant the action, for the purpose here sought, to one out of possession, "that a bill either to quiet title or to remove a cloud can be maintained only where the plaintiff is in actual possession." (17 Enc. Pl. and Pr. 306. 17 Enc. Pl. and Pr. 307-309; *Mining Co. v. Mining Co.,* 5 Utah 3, 39-43, 56-59, 64; 6 Am. Eng. Enc. of Law 159; 1 Story, Eq. Jur., Secs. 76, 616, 619; *Ashurst v. McKenzie,* 92 Ala. 484; 4 Pomeroy's Eq. Jur., Sec. 1396; *Richie v. Dorland,* 6 Cal. 33; *Kunkle v. Lumber Co.,* 29 Utah 21; *Perigo v. Dodge,* 9 Utah 3; *Park v. Wilkinson,* 21 Utah 279, 285. *Pratt v. Pond et al.,* 5 Allen 59.)

Where, as in this case, the plaintiff is not in possession of the land, but asserts title in himself and questions the validity of the defendants' title, who are in possession, the defendants have the right to have the question of title tried by a jury, and a court of equity has no jurisdiction to try the case. (1 Story Eq. Jur., sec. 76; *Tarpey v. Salt Co.,* 5 Utah, 213; *Spithill v. Jones,* 3 Wash. 290; *Plant v. Barclay,* 56 Ala. 561; *Daniel v. Steward,* 55 Ala. 278; *McLean v. Presley,* 56 Ala. 211; *Herr v. Martin,* 90 Ky. 377; *Branch v. Mitchell,* 24 Ark. 439; *Alton & M. F. Ins. Co. v. Buckmaster,* 13 Ill. 205; *Smith v. McConnell,* 17 Ill. 135. *Holtz v. Berg-*

*mann,* 6 Pa. Dist. Rep. 217; *Long's App.,* 92 Pa. St. 171; 6 Am. and Eng. Ency. of Law 159; *Curtis v. Sutton,* 15 Cal. 260.) This was a suit to remove a cloud or to quiet title to real property, and hence a suit in equity, and when the plaintiff brought the suit he was admittedly out of possession, and had an adequate and complete remedy at law which he ought to have pursued. (1 Story Eq. Jur., sec. 616, 619, 711-a; 17 Enc. Pl. and Pr., 290-291, 293; *Mining Company v. Mining Company,* 5 Utah 3, 39-43, 57-59; *Mont. Ore. P. Co. v. Boston & M. Con. C. & S. Co.,* 70 Pac. 1114, 1119-1122; 27 Mont. 288; *Newman v. Duane,* 89 Cal. 527, 27 Pac. 66; *Ezelle v. Parker,* 41 Miss. 520; *Huntington v. Allen,* 44 Miss. 654; *Curtis v. Sutter,* 15 Cal. 260; *Harrigan v. Mowry,* 84 Cal. 456; *Whitehead v. Entwhistle,* 27 Fed. Rep. 778; *Newman v. Westcott,* 29 Fed. 49; *Harland v. Bankers, etc. Tel. Co.,* 33 Fed. 199; *Taylor v. Clark,* 89 Fed. 7; *Central Pacific R. R. Co. v. Dwyer,* 1 Sawy. [U. S.] 641.)

## RESPONDENT'S POINTS.

This is not a suit in equity to quiet title to real estate. It is an action to determine an adverse claim under section 3511 C. L. Utah 1907. The statutes of this state provide that: "There is in this state but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs," to be commenced by complaint, containing "a statement of the facts constituting the cause of action, in ordinary and concise language" and "a demand of the relief which the plaintiff claims." (Compiled Laws of Utah, 1907, secs. 2852, 2960.) Under precisely similar statutes of the Territory of Montana and New Mexico it has been decided by the Supreme Court of the United States that both legal and equitable relief may be granted in the same action and may be administered through the intervention of a jury or by the court itself, according to the nature of the remedy sought. (*Hornbuckle v. Toombs,*

37 Utah—11

18 Wall. 684, 21 L. Ed. 966; *Herschfield v. Griffith,* 18
Wall. 657, 21 L. Ed. 968; *Davis v. Bilsland,* 18 Wall. 659,
21 L. Ed. 969; *Basey v. Gallagher,* 20 Wall. 670, 22 L.
Ed. 452.) Under the present statute the allegation of pos-
session is unnecessary. (*Ely v. N. M. & Ariz. R. R. Co.,*
129 U. S. 291, 32 L. Ed. 688; 2 Estee's Pleading, sec. 2508;
*Landregan v. Peppin,* 94 Cal. 467.) A judgment of non-
suit is improper where plaintiff establishes any legal inter-
est in the property. (*Peterson v. Gibbs* [Cal.], 81 Pac.
121.) When the paramount title is shown to be in respond-
ent, the law raised the presumption of the right to posses-
sion, and it is unnecessary to prove his right. (*Flood v.
Templeton* [Cal.], 92 Pac. 78, 13 L. R. A. [N. S.], 579,
586; *Cottrell v. Pickering,* 32 Utah 62, 67.)

FRICK, J.

The respondent, in substance, alleged in his complaint that
at the time of the commencement of the action he was the
owner and entitled to the possession of a certain parcel of
land in Salt Lake County, describing it; that the defendants,
including the appellants, claimed and asserted some estate
or interest in and to said premises adverse to the respondent;
that such claim was without right, and that said defendants,
nor either of them, had any estate, right, title, or interest
whatever in said premises. Upon these allegations respond-
ent prayed that the defendants be required to set forth the
nature of their said claims; that it be adjudged that the re-
spondent is the owner of said land, and that the defendants,
nor either of them, have any estate or interest whatever
therein; that they, and each of them, be enjoined from as-
serting any claim whatever adverse to respondent in said
premises, and for general relief. To the foregoing complaint
Frank E. McGurrin, Jennie D. McGurrin, Stephen Hays,
and Mary Hays, who are, and hereinafter will be, styled
appellants, demurred upon substantially the following
grounds: (1) That the complaint does not state facts suf-
ficient to constitute a cause of action; (2) that the complaint

is insufficient because it does not allege that respondent is in possession of the land; (3) that the complaint is insufficient because it is not made to appear therefrom "by what right or title the plaintiff (respondent) claims to be the owner" of said land; (4) that the complaint is insufficient because "it does not show by what right or authority the respondent claims to be entitled to the possession of the land described." The demurrer was overruled, and the defendants designated as appellants filed a general answer, in which they denied that the respondent is the owner and entitled to the possession of the land described in his complaint. They admitted that they claimed and asserted some right and interest to said land and to the whole thereof. Further answering, and by way of counterclaim, the appellants above named claimed to be the owners and in possession of the land described in plaintiff's complaint (the description of the land in the answer is the precise description contained in the complaint); that the respondent claimed and asserted some right or interest in said land adverse to said appellants; that said claim is without right, and that said respondent has no right, title, estate, or interest in said land whatever. They prayed that the title to said land be quieted in them, and for general relief. Respondent filed a reply to the counterclaim, which was, in effect, a general denial. The other defendants are not here complaining, and hence need not be further considered.

When the case came on for trial, the appellants by their counsel "objected to the introduction of any evidence under the complaint in this case, for the reasons set forth in our demurrer." Counsel then stated the grounds of the objection substantially as they are stated in the demurrer, which we have already set forth. The objection was overruled, and counsel saved an exception. The respondent, in support of his allegations of ownership, then offered in evidence the rcord of a patent, in which the land in question, with other land, was, by the United States, conveyed to one Lorenzo Pettit of Salt Lake County. Counsel for appellants obected to the introduction in evidence of this patent, upon the

general grounds above set forth and upon no others. The court overruled the objection, and admitted the patent in evidence, and counsel duly excepted. Respondent then offered in evidence the record of a deed from said Pettit and wife to one Samuel M. Green. At this point a controversy arose, and the bill of exceptions shows that the following proceedings were had: Mr. Bagley, one of the counsel for appellants, addressing himself to respondent's counsel, said, "We are perfectly willing you might shorten this record by giving the grantors and grantees and description of the property." Counsel for respondent, addressing himself to Mr. Bagley, asked, "Concede the description is the one in question?" to which Mr. Bagley replied, "Yes." The court then said: "Let the record show each instrument is introduced. A copy may be procured later if necessary to preserve the record." The deed was admitted in evidence over appellants' general objection; then counsel for respondent said, "Then let the record show deed from Samuel M. Green to Franklin Farrel is considered introduced in evidence in full." Counsel for appellants, in referring to respondent's counsel's suggestion, said: "Subject to the general objection we made," and counsel for respondent agreed to this, and then proceeded in the manner indicated by the court, and offered certain deeds in evidence, the last of which was a conveyance to the respondent herein. Starting thus with the patent from the United States, respondent had by mesne conveyances shown record title in himself, and when this had been done, he rested his case. After respondent rested counsel for appellants moved for a nonsuit upon substantially the grounds set forth in the demurrer to which we have referred, and upon the further grounds that the evidence was insufficient to show that respondent was entitled to the possession of the premises in question; that respondent "brought an equitable action, while the proof shows that nothing but a purely legal question is involved, namely, the title to real property;" that "a court of equity has no jurisdiction to try this case; the only question involved being a question of law." The court denied

the motion for a nonsuit, whereupon the appellants also rested, and submitted the case upon the evidence adduced by respondent. The court thereafter found the issues in favor of respondent, and entered a judgment in accordance with the prayer of his complaint. The appellants above named present the record for review on appeal.

The first assignments of error to be noticed are that the court erred in overruling the demurrer of appellants, and in denying their motion for nonsuit. The grounds stated in both the demurrer and motion for nonsuit blend, and may be considered together. The action is based on section 3511, Comp. Laws 1907, which is as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." Counsel for appellants earnestly contend that an action to quiet title is purely equitable; that in such an action the courts have always held that it was necessary for the plaintiff to allege and prove that he was in possession of the real property in question; that if the plaintiff was not in possession, his action was one in ejectment to try title and to oust the defendant; and that section 3511, *supra,* does not change the rule. We cannot agree to this contention.

The Supreme Court of California, in *Castro v. Barry,* 79 Cal., at page 446, 21 Pac. 946, clearly points out the distinction between an action under section 3511 and the ancient action to quiet title. In an action based on section 3511 the plaintiff need not allege possession, nor need he prove it, except by inference, by showing that, as against the defendant in the action, the plaintiff had the legal title. In other words, that the plaintiff is the owner, and that the defendant has no interest or estate in the property in question. This is the view that is entertained by the Supreme Court of the United States, as appears from the cases of *Devine v. Los Angeles,* 202 U. S. 333, 26 Sup. Ct. 652, 50 L. Ed. 1046, and *Ely v. New Mexico, etc., Ry. Co.,* 129 U. S. 291, 293, 9 Sup. Ct. 293, 294, 32 L. Ed. 688.

In the latter case, at page 293, in referring to the statute of Arizona, in terms precisely like section 3511, *supra*, it is said:

"The manifest intent of the statute . . . is that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases in which the plaintiff is out of possession, and the defendant is in possession, and in which, at common law, the plaintiff may have maintained ejectment. An allegation, in ordinary and concise language, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, . . . and an allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer."

The section was also referred to by Mr. Chief Justice Straup in *Wey v. Salt Lake City,* 101 Pac. 381, 35 Utah 504, where it was held that section 3511 has "enlarged the ancient jurisdiction of courts of equity in respect of suits to quiet title and to determine adverse claims." The foregoing is in strict harmony with the holding of the Supreme Court of the United States, as is manifest from what we have quoted from that court, and is likewise in harmony with the holding of the Supreme Court of California, as appears from the case cited and from other cases. Without referring to other cases it is sufficiently clear that under the authorities the complaint stated a cause of action, and the court therefore committed no error in overruling the demurrer.

The contention that because respondent relied wholly upon his legal title the action was one at law, and not in equity, and that appellants were therefore entitled to a jury trial, in view of the record, is not tenable. Assuming, without deciding, that where in an action based on section 3511 a plaintiff relies upon his legal title merely, the defendant is entitled to a trial by jury, yet that question is not properly before us for determination. In this state a jury in civil actions is waived unless demanded. Section 10, art. 1, of the Constitution provides that "a jury in civil cases shall be waived unless demanded." Pursuant to this provision, section 3129, Comp. Laws 1907, was adopted. That section, in substance, provides that a jury must be de-

manded "either . . . prior to the time of setting
such action for trial or within such reasonable time
thereafter as the court may order . . . and [the appli-
cant] must at the same time deposit with the clerk the
sum of five dollars." In *State v. Cherry,* 22 Utah, 1, 60
Pac. 1103, this court held that the provisions of the forego-
ing statute were not in conflict with section 10, art. 1, of the
Constitution, and that in order to be entitled to a jury a
party must make the demand and deposit as the statute re-
quires. In this case there is nothing to indicate that the
respondent ever demanded a jury. Upon the contrary, the
usual preliminary statement to the findings of fact signed by
the judge is that "a jury having been waived by the re-
spective parties, the court, sitting without a jury," proceeded
to try the case. If the action, therefore, had been a law
action, pure and simple, appellants are not in a position to
claim error upon the grounds that they were deprived of a
jury trial. Nor can the contention prevail that appellants
were misled by the form of the action, and therefore did not
demand a jury. They must be deemed to have known that
respondent might rely upon his legal title merely. In view
of section 3511 he had a choice of remedies. He could sue
in ejectment or under said section. In either case,
if appellants desired a jury trial, they were required
to demand a jury in accordance with the statute,
which they have not done.

It is also asserted that there is no evidence to sustain the
court's findings that the respondent was entitled to the pos-
session of the land in controversy. We have already pointed
out that a party out of possession may bring an action under
section 3511, as well as one in possession, and that he need
not allege that he is in or entitled to possession. If this need
not be alleged, it need not be proved. So far as appellants
were concerned, it was quite sufficient if the respondent es-
tablished that the legal title was in him, and that the ap-
pellants had no right, title, or interest adverse to him in
the premises in controversy. If they had no valid
claim to, or interest in, the premises in question, the

respondent's title, as against them at least, ought to prevail. But, if we assume that, in view that respondent had alleged in his complaint that he was entitled to possession, therefore he had to support this allegation by proof, we think the record discloses that he did so. When he had proved the legal title was in him, then the law presumed that he was in constructive possession, and, in the absence of all evidence to the contrary, that he was entitled to the actual possession. (*Flood v. Templeton,* 152 Cal. 148, 92 Pac. 78-84, 13 L. R. A. (N. S.) 579; *Cottrell v. Pickering,* 32 Utah, 62, 88 Pac. 696, 10 L. R. A. [N. S.] 404.) If the finding was at all material, it was therefore supported by sufficient evidence.

The contention that the finding of the court that the property described in the complaint was included within the description contained in the patent introduced in evidence is not supported by evidence cannot be sustained. It is true that there was no direct evidence offered by respondent to show that the property described in the complaint was included in the patent which was introduced in evidence. Such proof was, however, made unnecessary by the admissions of appellant's counsel, the substance which we have set forth in this opinion. The admissions made by counsel that the description in the deeds offered by respondent included the land described in his complaint also covered the patent. As appears from the patent, one Lorenzo Pettit was the grantee therein. The land in controversy is only a small portion of the lands described in the patent, and this is likewise true with regard to a number of the deeds offered in evidence. When the patent was offered in evidence no objection was made that the land in controversy was not covered by the patent. The next deed in the chain of title offered in evidence was one from Lorenzo Pettit, the grantee in the patent, to one Samuel M. Green. The admission that the description in all the deeds referred to covered the land in controversy was made when this deed was being discussed and offered in evidence; and, as this deed directly referred to the patent, and as Mr.

Pettit, by this deed, conveyed a part if not all the lands described in the patent to Mr. Green, the admission covered the land in the patent, as well as in the subsequent deeds. To hold otherwise would result in permitting appellants to take advantage of a mere technicality. To prove that the land in question was included within the description contained in the patent and deeds, all of which described more land, or at. least by a different description than the description contained in the complaint, was merely a formal matter, and no doubt would have been affirmatively met by respondent, if counsel for appellants had not frankly admitted that the land in controversy was in fact covered by the descriptions contained in the instruments offered in evidence in support of respondent's title. It is apparent, therefore, that both the court and counsel assumed and were justified in assuming, that counsel for appellant conceded that the description in the complaint was in fact covered by the description contained in the patent and deeds offered in evidence by respondent, and that no other identification except counsel's admission was required. This, in our judgment, was the purpose, and is clearly the effect of counsel's admission, and hence the court did not err in making the finding complained of.

All the other assignments made by appellants, except the one relating to the bill of exceptions, are covered by what has already been said, and hence need no further consideration. The contention that the court erred in incorporating certain matters into the bill of exceptions, in review of the result reached, is immaterial. Nor is it necessary to refer to respondent's assignment of cross-errors. These, as well as all other objections urged by him, are immaterial, in view of the result.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.