## CAMPBELL v. UNION SAVINGS & INVESTMENT CO.

### No. 4030. Decided April 30, 1924. (226 Pac. 190.)

1. QUIETING TITLE—COMPLAINT HELD TO STATE CAUSE OF ACTION.
   Complaint in action under Comp. Laws 1917, § 7247, alleging
   that plaintiff claimed fee-simple title to and was in possession
   of certain land, and that defendant's claimed estate or interest
   therein was without foundation *held* to state cause of action.[1]

2. TRIAL—COURT RULES UNDER WHICH JUDGMENT WAS TAKEN HELD
   TO PROVIDE SUFFICIENT NOTICE OF SETTING CASE FOR TRIAL. In
   view of Comp. Laws 1917, § 1791, conferring power on every
   court of record to adopt rules for its government, where case
   was set for trial under rules 5 and 6 of district court of Weber
   county, and trial calendar posted and published, defendant can-
   not contend, on application to vacate default judgment, it was
   without notice of setting of case or calling it for trial.

3. COURTS—SUPREME COURT CANNOT INTERFERE WITH TRIAL COURT'S
   RULES UNLESS THEY DISREGARD VESTED RIGHTS. The Supreme
   Court cannot interfere with rules governing trial courts unless
   rules clearly disregard vested rights.

4. APPEAL AND ERROR—TRIAL COURT'S CONDUCT OF BUSINESS INTER-
   FERED WITH ONLY WHEN ITS DISCRETION IS ABUSED. The Su-
   preme Court cannot interfere with acts and conduct of trial
   court in disposing of its business unless discretion vested in
   them is abused.

5. APPEAL AND ERROR—DEFENDANT WITHOUT INTEREST IN PREMISES
   CANNOT URGE ERROR IN ADJUDGING PLAINTIFF TO BE OWNER.
   Where, in action to quiet title, defendant showed no right or
   interest in premises, it cannot complain that court erred in
   adjudging plaintiff to be owner as against it, however defective
   plaintiff's title may have been.

Appeal from District Court, Second District, Weber County; *J. N. Kimball*, Judge.

Action by Effie M. Campbell against the Union Savings & Investment Company. Judgment for plaintiff, and from order refusing defendant's motion to vacate judgment, it appeals.

[1] *Gibson* v. *McGunin*, 37 Utah, 158, 106 Pac. 669.

AFFIRMED.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for appellant.

*E. T. Hulaniski,* of Ogden, for respondent.

FRICK, J.

The plaintiff brought this action in the district court of Weber county against the defendant pursuant to Comp. Laws Utah 1917, § 7247. In the complaint the plaintiff, in substance, alleged that she claimed fee-simple title to and was in possession of certain premises in Weber county, describing them; that the defendant claimed some estate or interest in said premises, and that said claim was without foundation. Plaintiff prayed judgment that the defendant set forth any adverse claim that it might have; that it be adjudged that defendant's claim is without right; that it had no right or interest in said premises, and that it be forever enjoined from asserting any claim or right thereto.

The defendant appeared in the action and filed a general demurrer to the complaint. The demurrer was overruled, and the defendant filed its answer, in which, after denying for want of information the allegations of the complaint, it, by way of counterclaim, also alleged that one Alma T. Langlois made, executed, and delivered to the defendant his promissory note for $1,100, payable November 21, 1921, with interest notes or coupons thereto attached; that to secure the payment of said notes said Langlois executed and delivered a mortgage in which he mortgaged the premises described in plaintiff's complaint, with some other lands, to the defendant, and that the plaintiff at the time she acquired said property had full knowledge of said mortgage; that no part of said notes had been paid except certain amounts which are stated, and that there was due thereon the sum of $1,917.08, with accruing interest and attorney's fees. Defendant prayed that said mortgage be foreclosed; that the premises be ordered sold; that the defendant be allowed an attorney's fee of

$500; and that the proceeds of sale be applied in payment of defendant's claim, etc.

Plaintiff filed a reply in which she disclaimed any knowledge or information respecting the averments contained in defendant's counterclaim, and again reiterated her ownership of the premises by virtue of having purchased the same from Weber county, which was the owner thereof through tax sale, etc., and also alleged that she had made valuable and permanent improvements thereon.

Plaintiff's reply was filed on December 18, 1922. The cause was duly set down for trial, and, the defendant failing to appear, the record shows that on the 5th day of March, 1923 (after reciting that the cause came on for trial upon the complaint of the plaintiff, the answer of the defendant, and reply thereto, and that the court heard the evidence of the plaintiff, including "certain documentary evidence"), the court made a general finding in these words:

"And now the court, being fully advised in the premises, does find the issues joined in said action between the plaintiff and defendant in favor of the plaintiff, and orders judgment entered according to the prayer of the complaint except as to costs."

Judgment was accordingly entered to the effect that the plaintiff is the owner in fee simple of the premises in question, describing them; that the defendant has "no lien on said real estate or any part thereof by reason of the mortgage set forth in its answer, or otherwise, and that defendant has no estate, right, title, or interest in said real estate," and that the defendant is enjoined from asserting any claim whatever to said premises or any part thereof, and that neither party recover costs.

After the foregoing judgment was entered defendant's counsel filed a motion supported by their affidavits asking the court to vacate and set aside the judgment and to permit the defendant to present its evidence in support of its counterclaim, etc. In the affidavits of counsel the facts upon which they rely for the relief prayed for in their motion and why they failed to appear at the hearing of the cause are stated with much particularity and detail. We could subserve no good purpose in setting forth the affidavits, and we shall re-

fer to such facts as are deemed material in the course of the opinion.

It is but just and fair to both counsel and the court to state that upon the facts stated in the affidavits the district court would perhaps not have abused its discretion if it had granted defendant's motion. Upon the other hand, however, the question that we must determine on this appeal is whether the court abused its discretion in failing or refusing to vacate the judgment. In order to determine that question it becomes necessary to have recourse to the rules of the district court of Weber county pursuant to which the court tried the cause in the absence of defendant and its counsel and in reliance on which the motion to vacate was denied.

The rules referred to, so far as material here, read:

"On the second Friday preceding the opening day of every term of the court in Weber county, beginning at 10 o'clock a. m. in department 2, and 2 o'clock in department 1, there shall be a setting of cases then at issue and ready for trial on issues of fact.

"Rule 7.

"Before the day of the setting of cases for trial in accordance with rule 5, the clerk shall furnish the judge with a list of all such cases to be set, and when the cases shall have been set the clerk shall cause a copy of the calendar thereof to be prepared and posted in a conspicuous place in his office and deliver a copy thereof to one or more of the newspapers for publication, provided that no charge be made therefor; and from time to time, on the day of the trial of any cause, he shall cause to be written upon the blackboard the name or title of the cause then in progress of trial, with the case next on call, for the convenience and information of counsel. But a case having been set by the court, further notice to counsel will not be considered essential, nor will a continuance thereof be granted, except as provided by the Code, unless by stipulation of the parties."

The bill of exceptions also contains the following statement:

"At the hearing of the above-named motion, the court minutes show that at the regular call of the trial calendar for the setting of cases for trial for the January term, 1923 (to wit, December 21, 1922, which was the second Friday preceding the opening of said January term), this cause was set to be tried on February 28, 1923, which call and setting was pursuant to said rule 5. Immediately after said setting a copy of the trial calendar showing the case set for trial, and the date at which each case was to be tried, was posted in the office of the clerk of said court and published in the

Standard Examiner, a newspaper published in Ogden City, which posting and publishing was done pursuant to the provisions of said rule 7."

The effect of defendant's assignments is that the district court erred in refusing to vacate the judgment; that the rules of said court are insufficient; that the complaint does not state facts to constitute a cause of action; and that the court erred in other respects to be noted hereinafter.

In view that the question of whether the complaint states a cause of action or not is always important, we shall consider that question first.

As before stated, the complaint is based upon Comp. Laws Utah 1917, § 7247, which provides:

"An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

That a complaint in substance like the one in question here states a good cause of action is no longer an open question in this jurisdiction. That question was fully considered by this court in the case of *Gibson* v. *McGurrin*, 37 Utah, 158, 106 Pac. 669, where the authorities are collated and reviewed. We could subserve no good purpose in attempting to add to what is said in the opinion in that case. Upon the authority of that case and the cases there cited the contention that the complaint in this case fails to state a cause of action cannot be upheld.

Nor can we perceive any good reason why the rules of the district court of Weber county should not be upheld. Comp. Laws 1917, § 1791, confers ample power upon every court of record of this state to adopt rules "for its own government and the government of its officers." True the statute provides that the rules must not be "inconsistent with the laws of this state." The rules in question in no way conflict with any statute of this state. Moreover, if followed they seem to be ample to protect every one having business before the court. The bill of exceptions shows that the cause was regularly set for trial on the 21st day of December, 1922, to be tried on the 28th day of February, 1923, and that immediately thereafter a copy of the trial calendar upon which the

case appeared was "posted in the office of the clerk of said court and published in the Standard Examiner, a newspaper published in Ogden City," all of which was done pursuant to the rules aforesaid. Here, then, we have a case regularly set for trial for more than 60 days, during all of which time sufficient notice of that fact was publicly given. If counsel, under such circumstances, who have a case at issue and pending before a court, can successfully contend that they were without notice of the setting of their case or of the time that it would be called for trial, we cannot conceive under what circumstances counsel could not successfully insist that they were without notice and that judgments which were regularly entered in their absence when the case was reached for trial should be vacated. If counsel can insist that such a judgment shall be vacated as a matter of right rather than as a matter of grace, no judgments that are entered in the absence of counsel can be permitted to stand.

Nor is it of importance that, as counsel state in their affidavits notice to counsel in some other form is generally provided for in the rules of courts of other counties in this state. Every court has the right to make and promulgate such rules as will best subserve the conditions and the business which the court is required to meet and transact. There may be a few cases to try in one sparsely settled county while there may be hundreds in another which is more thickly settled. Counsel, who are officers of the court, are not only required to take notice of the court's rules, but they must so arrange their business as to conform to them, and if they fail without sufficient cause courts cannot be compelled to set aside judgments which are entered in cases which were at issue and regularly set for trial of which notice had been duly given or published as required by the rules of the court. This court cannot interfere with the rules governing the trial courts unless those rules clearly disregard some vested right.

Nor can this court interfere with the acts and conduct of the trial courts in disposing of the business coming before them unless they in some way abuse the discretion which the law vests in them.

We are clearly of the opinion that the district court acted within its discretion in denying the motion to vacate notwithstanding the fact that the affidavits of counsel were not controverted.

The other assignments relate to the sufficiency of the plaintiff's evidence to sustain her title to the premises. In this connection defendant's counsel vigorously insist that the plaintiff must fail and that the judgment in her favor must be reversed because she has failed to establish her title to the premises in question by sufficient competent evidence. In making that contention counsel have evidently overlooked the state of the pleadings, including defendant's answer and counterclaim. Let us briefly recite the issues presented by the pleadings. The plaintiff in her complaint alleges her ownership and possession of the property in question in very general terms. She then pleads that the defendant claims some interest in the property, but that the claim is without foundation, and that defendant has no right, title, or interest whatever in or to the property, and prays that the title be quieted in her, and that defendant be forever enjoined from claiming or asserting any interest or right in or to the property. The defendant now appears in the action filing an answer in which, after denying plaintiff's allegations respecting ownership, it, by way of counterclaim, avers that one Langlois executed and delivered a mortgage to it in which he mortgaged the property described in plaintiff's complaint and some other property to the defendant's assignor to secure the payment of certain promissory notes, which notes have not been paid. No claim is made in the answer or counterclaim that Langlois, who executed and delivered the mortgage aforesaid, had or claimed any right or title to or interest in the property in question; nor that the plaintiff claimed under or through said Langlois. Indeed, in defendant's answer and counterclaim Langlois is in no way connected with the title of the property here in question. True, it is alleged that he executed a mortgage in which said property, with additional property, is described. In what way the giving of the mortgage affects plaintiff's title is, however, not disclosed by defendant's pleading, and we can conceive of

no effect that the mortgage had or could have on plaintiff's title. In the absence of any claim of ownership or interest by Langlois in the mortgaged premises we cannot conceive how the mortgage constituted any lien upon the property in question. And that is precisely what the district court adjudged to be the case, and it is that of which defendant now complains. True it is that defendant now insists that the plaintiff's proof of title is deficient. In view, however, of defendant's answer and counterclaim, that fact cannot affect her rights in the property. Let it be remembered that the court's judgment is expressly based upon the allegations of the complaint, the averments of the answer, and those in the reply. If, therefore, the defendant has shown no right to or interest in the premises, which it has not, how can it be heard to complain that the court erred in adjudging plaintiff to be the owner as against the defendant? Certainly plaintiff's title, however defective it may be, is nevertheless ample to withstand the assaults of the defendant so long as the defendant shows no right, title or interest whatever in the property.

This case must not be confused with one where a mortgagee commences an action against a mortgagor to foreclose a mortgage given by the latter. In such a case it may well be that it is not necessary to allege ownership in the mortgagor. Here, however, the mortgage is set up against a plaintiff who does not claim title under or through Langlois, the mortgagor, but who claims title under a different source altogether. In order, therefore, for defendant to succeed on this appeal, it is compelled to show that its title or interest in the property is superior to plaintiff's, and that the court erred in adjudging to the contrary.

The contention that the court erred in not making specific findings is of no avail. Under the statute, where a party is in default it is expressly provided that findings of particular facts need not be made. Moreover, in this case, in view of defendant's answer and counterclaim to which we have specifically referred, findings as contended for by defendant would be utterly immaterial.

We remark that we have disposed of this appeal without

considering plaintiff's rights as an occupying claimant, by virtue of being a purchaser from the county which claimed under a delinquent tax sale, as provided by Comp. Laws Utah 1917, §§ 5031-5034. We preferred to base the decision squarely upon the pleadings and the transcript of the proceedings. In view of the record of the proceedings we are unable to see wherein the district court committed any error which the defendant can successfully assail.

In view of what has been said it follows that the judgment should be, and it accordingly is, affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.