## OKERLUND v. ROBINSON et al.

No. 4822. Decided September 28, 1929. (281 P. 200).

*C. E. Norton* and *William Story, Jr.,* both of Salt Lake City, for appellants.

*Bean & Hunt,* of Richfield, for respondent.

FOLLAND, J.

The plaintiff brought this action to quiet title to approximately 1,600 acres of land situated in Wayne county, Utah. There were a large number of defendants, of whom C. E. Norton, Maude M. Norton, Columbia Trust Company, a corporation, and Land Investment Company, a corporation,

filed answers. The other defendants failed to make any appearance. On March 27, 1928, the first day of the March term of the district court for Wayne county, this case was set for trial for April 30, 1928. The judge of the district was engaged in trying criminal cases in another county, and was not present to hold court in Wayne county on the date set for the trial, but he wrote to the clerk of the court instructing her to notify the attorneys for the parties in this case of the continuance of the case until May 15, 1928. The case was called for trial on May 15th. The answering defendants were not present in court either in person or by attorney. Plaintiff introduced evidence, and the court made and entered findings of fact, conclusions of law, and a decree quieting title in plaintiff to the property described in the complaint.

Appellants have assigned twenty-three errors, all of which are relied upon. We need consider only one for the purposes of this decision. It is urged by appellants that they received no notice of the setting of this case for trial, and consequently are entitled to be relieved from their default and have a new trial.

There is no statute in this state requiring notice to be given attorneys of the setting of their cases. This subject, however, is covered by a rule of court in the Sixth judicial district which includes Wayne county. Rule No. 6 provides that the clerk for each county composing the district shall, at least thirty days before the time set for the commencement of any term, prepare a calendar of all cases then at issue. Rule No. 8 provides that all cases, matters, and things, except otherwise stated, placed upon the calendar as provided in rule No. 6, shall be deemed set for trial on the first day of the following term. Rule No. 21 is as follows:

"Clerks to Notify Attorneys.

"The respective Clerks of this Court for each county of this Judicial District shall notify each attorney having cases upon the calendar,

of the day and hour for which said cases are set for hearing, immediately after such setting has been made, excepting in cases where the attorneys are present at the setting of the case."

The force and effect of a rule lawfully adopted and promulgated by a court is stated in 7 R. C. L. title "Courts," p. 1027, as follows:

"Rules adopted by a court without exceeding the limits of its authority are often spoken of as having the effect of rules enacted by the legislature or positive law, and therefore as being obligatory both on the court and on the parties."

It has been held by this court that, in view of section 1791, Comp. Laws Utah 1917, conferring power on every court of record to adopt rules for its government, this court cannot interfere with such rules unless clearly disregarding vested rights, *Campbell* v. *Union Savings & Inv. Co.* 63 Utah 366, 226 P. 190; and that parties cannot complain when a trial court insists upon observance of its rules, *Standard Coal Co.* v. *Stewart* 72 U. 272; 269 P. 1014.

In the absence of a rule of court providing for notice, attorneys are not entitled to rely upon clerks of courts to give them notice of the setting of their cases. Where a rule such as No. 21 has been adopted and promulgated, attorneys are entitled to rely upon it. The record fails to show that the clerk gave any notice to the attorney for appellants of either the setting for April 30th or the resetting for May 15th. At the time the case was called for trial, the court called the attention of attorneys for the plaintiff to the fact that he was not informed that counsel for appellants had received any notice; stated that he had written a letter to the clerk requesting her to notify the attorneys that, on account of the business he was engaged in at Panguitch, he could not be in Wayne county on the day on which this case had been set for trial. It appeared at the time that the clerk had given notice to plaintiff's attorneys, but

she stated she did not understand that she was to give notice to the attorney for the other side. The court then said, "I am inclined to leave it with counsel, or if you feel disposed, let it go over"; whereupon the attorneys for plaintiff announced that they would proceed with the case. The case was tried and judgment entered for plaintiff.

Attorneys for appellants on June 4, 1928, filed a motion to set aside the default and judgment and a motion for a new trial, setting up as one of the grounds that no notice of trial was ever served on defendants and that they had no knowledge of the setting of the case or of the trial thereof, and that, by reason of the irregularities in setting the case and in failing to give notice, the defendants were prevented from having a trial upon the merits. In support of this motion, C. E. Norton, one of the attorneys for appellants, filed an affidavit wherein he stated:

"That he is one of the defendants and attorney for other defendants as shown by the records and files in this case; that no notice of the setting of the trial of this case was ever served upon him or upon any defendant in this case, and that he has no knowledge or information whatever that said cause had been set for trial on May 15th, 1928, or any other time except on March 27, 1928, when affiant received a letter from the Court substantially as follows:

"'Richfield, Utah, March 23, 1928.

"'I am informed that you have a case set for trial at Loa at the next term of court. The situation has so developed that I will not be able to attend to any contested matters at the beginning of the term. Because I have just learned of this condition, I thought it proper to inform you so you would not make the trip down unless you desire.'

"And affiant did not go to Loa on the first day of next term and depended upon further notice from the Court or Clerk of the court. That no notice was ever sent or given to affiant that this cause was ever set for trial except as above stated."

A counter affidavit of C. W. Collins was filed by the plaintiff addressed to the question of notice. In this affidavit Mr. Collins stated that he resided at Salt Lake City

and had a case on the March calendar in Wayne county; that he had been informed by H. D. Hayes that the trial judge was engaged at Panguitch and will not be in Wayne county on April 30th; that at the request of Hayes he notified Norton, attorney for appellants, of the postponement.

It appears from this affidavit that Collins told Norton that court would convene in Wayne county on May 15th, but it nowhere appears that Norton was informed that the case in which he was interested was set for trial on that day. It is also made to appear that Norton had written to the clerk and endeavored to learn definitely whether his case had been set, but had received no reply. The clerk's statement shows that she did not give the notice as required by rule and the request of the court.

In view of these circumstances, we feel that the trial court should, on appellants' motion, have vacated the judgment and granted a new trial so that the case might be heard on the merits.

The judgment of the lower court is therefore set aside and annulled, and the cause remanded for a new trial; appellant to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.