266 P.2d 1019

**PLEASANT GROVE CITY**
v.
**CREASE et al.**

No. 7874.

Supreme Court of Utah.

Feb. 17, 1954.

---

1. See Lawlor v. Lawlor, Utah, 240 P.2d 271; MacDonald v. MacDonald, Utah, 236 P.2d 1066.

Christenson & Christenson, Provo, for appellants.

J. Albert Page, Pleasant Grove, I. E. Brockbank, Provo, for respondent.

WOLFE, Chief Justice.

This action was commenced by the respondent, Pleasant Grove City, to quiet title to a four rod strip of land which it claimed to be a public street of that city. The appellants, owners of property abutting that strip, counterclaimed to have title thereto quieted in them. The trial court held that the city had failed to establish its ownership to the strip but also denied relief to the appellants on their counterclaim.

A detailed statement of the facts would serve no purpose here. Suffice it to say that the appellants and their predecessors in title have been in possession of the disputed strip since about the year 1869. Appellants claim title under warranty deeds which purport to convey to them the strip in dispute. The case is before us solely on the findings of fact and conclusions of law made by the lower court, and there is nothing therein which apprises us of the basis for its conclusion that the city had failed to establish its ownership. Having so concluded, however, the trial court erred in not quieting title in the appellants inasmuch as they were in possession under color of title.

In Pender v. Bird, Utah, 224 P.2d 1057, a similar situation was presented. The plaintiff claimed title under a deed which we held conveyed nothing. The defendant Bird was in possession claiming title under a tax title which this court assumed to be defective. We held that the defendant Bird being in possession under color of title was entitled to a decree quieting title against the plaintiff who had no vestige of title. Reliance was placed upon Campbell v. Union Savings & Investment Co., 63 Utah 366, 226 P. 190, 193, where this court held that the title of

plaintiff who is in possession, however defective it may be, "is nevertheless ample to withstand the assaults of the defendant so long as the defendant shows no right, title or interest whatever in the property."

The judgment below is reversed and the case is remanded with instructions to make conclusions of law and enter judgment in favor of the appellants. Costs to the appellants.

McDONOUGH, HENRIOD and WADE, JJ., concur.

CROCKETT, J., concurs in the result.