[No. 13382.   Department Two. — January 11, 1890.]
ALBERT THOMPSON ET AL., APPELLANTS, v. SOUTH-
ERN CALIFORNIA MOTOR ROAD COMPANY,
RESPONDENT.

DEED — RIGHT OF WAY — UNCERTAINTY OF DESCRIPTION — PAROL EVI-
DENCE TO IDENTIFY SUBJECT-MATTER. — A deed of a right of way across
certain lots to be along a line as surveyed and laid out by a certain
civil engineer named, in accordance with a map attached to the deed, is
not void for uncertainty, though the map alone does not identify the
location, apart from the survey on the ground.   Explanatory evidence is
admissible to prove that the map was made from an actual survey, and
to show the location of the survey.   The description of a deed must be
such that the land conveyed can be identified; but that is certain which
can be made certain; and extrinsic evidence is always admissible to ex-
plain the calls of a deed so as to apply them to the subject-matter, and
give effect to the deed.

ID. — CONSTRUING DOUBTFUL DESCRIPTION. — In construing a doubtful de-
scription in a grant, the court must assume as nearly as possible the
position of the contracting parties, and consider the circumstances of the
transaction between them, and then read and interpret the words used
in the light of these circumstances.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order denying a new
trial.

Rowell & Rowell, Curtis & Otis, and John Brown, Jr.,
for Appellants.

H. C. Rolfe, for Respondent.

BELCHER, C..C. — The plaintiffs seek by this action to
obtain a decree restraining the defendant from going
upon, or in any way interfering with, two lots of land,
described as lots 2 and 5, in block 32, in the city of Col-
ton, San Bernardino County, and to recover damages
for past trespasses.   The plaintiffs claim ownership of
the lots, and the defendant claims a right of way over
the same for the operation of its railroad, known as the
motor road.

At the trial the defendant, in support of its claim of a

right of way over the lots, offered in evidence a deed
made by plaintiffs to defendant, with the map attached
thereto, marked "Exhibit A." That part of the deed
which describes the property conveyed reads as follows:
"A perpetual right of way over and across lots 2 and 5,
in block 32, in said city of Colton, according to the Col-
ton Land and Water Company's survey, for the purpose
of constructing, maintaining, and operating said motor
road, such right of way to be along the line as surveyed
and laid out by H. C. Kellogg, civil engineer of said cor-
poration, being a distance in length of 1,113 feet, more
or less, and running in a northerly and southerly direc-
tion, a map of which is hereto attached and made a part
hereof."

The plaintiffs objected to the deed being received in
evidence, on the ground that it was void for uncertainty,
and therefore irrelevant and immaterial. The defend-
ant then proposed to introduce further evidence show-
ing that when the deed was executed the road had been
commenced, and the line of the right of way, claimed
under the deed and now occupied by the road, had been
surveyed and designated by stakes stuck in the ground,
so that it could be easily traced. The court thereupon
overruled the objection, and the plaintiffs reserved an
exception.

H. C. Kellogg was then called by defendant as a wit-
ness, and having testified that he was by profession a
civil engineer and surveyor, and that he made the map
attached to defendant's deed, proceeded as follows:—

"Q. You may state whether a survey or line was ever
laid out from which the map was made, or which that
map was made to designate. A. That map was made
from an actual survey on the ground.

"Q. You may state whether or not that line was
marked on the ground. A. Yes, sir; the line was
marked on the ground by the stations every hundred
feet. The stations were stakes eighteen inches long and

an inch square, and were brought from a definite starting-point upon the center line of the survey,— the line marked red on the plat.

"Q. You know where the road of defendant now exists across lots 2 and 5, in block 32, of the city of Colton,— the lots designated on exhibit A? A. The road was constructed and now exists on the line indicated in red on this plat, in accordance with the survey. The center line of the railway is on the red line, in the center of the line marked yellow.

"Q. If you were an entire stranger to this deed, exhibit A, and the map and locality of the ground, could you, being shown this deed with the map, and being told where the line was located by H. C. Kellogg,— could you locate the right of way purported to be conveyed by this deed? A. Yes, sir."

The witness further stated that "that survey was laid out and the cross-sections were made before the deed was executed."

And on cross-examination the witness said: "As an engineer I can take that deed, supposing I knew nothing in regard to the exact location, and had never seen it,— from that instrument, as a civil engineer I can locate that road under the description."

"Q. Tell me from the way in which the instrument reads,— mind you, you never saw it,— take it from the instrument itself, and its description,— take that map, not knowing anything about it, and tell me how and by what means you could locate the road. A. I certainly could locate it. The deed was made after the first station survey was made.

"Q. Suppose there were no marks on the ground to show where the survey was made, there were no marks left of it at all that Captain Topp had made the survey, and here was a description of the premises intended to be conveyed, and where it was to be,— that is all you knew about it,— could you take that instrument and

diagram and make a survey of the road? A. I could, by inquiring from parties that knew something about the survey. If the points were all out of the way, I could have nothing to start from; but, as a matter of fact, I made the survey and put the stakes, and if any of the stations were left I could easily make the survey."

J. F. Sublette was also called by defendant as a witness, and testified:—

"My business is railroading, and was such in August, 1888. At that time I was constructing track,—laying the line on the Southern Motor Company road, the Southern California Motor Road Company. I am familiar with this road where it goes across the lands of plaintiffs in this action, Albert Thompson and wife, in the city of Colton.

"Q. You may state whether you ever saw anything to indicate the line of that road as laid out by an engineer. A. Yes, sir; I saw the stakes drove,—center stakes. The line of the road as now constructed, with reference to the line run out and marked by these stakes spoken of, run to the stakes that were drove there; it ran to them,—the center stakes, I mean, ran through them. The line of stakes occupied the center of the road-bed."

At the conclusion of the trial, the court found the facts and rendered judgment in favor of the defendant; and from this judgment and an order denying them a new trial the plaintiffs appeal.

The contention of appellants is, that the deed was void for uncertainty, and that the explanatory evidence was inadmissible, and, if admissible, was insufficient to remove the ambiguity of the deed.

We do not think this contention can be sustained. It is true that a deed must so describe the land sought to be conveyed thereby that it can be identified. But that is certain which can be made certain. (Civ. Code, sec. 3538.) And extrinsic evidence is always admissible to explain the calls of a deed for the purpose of their appli-

cation to the subject-matter, and thus to give effect to the deed. (*Reamer* v. *Nesmith*, 34 Cal. 624.) In construing a doubtful description in a grant, the court must assume as nearly as possible the position of the contracting parties, and consider the circumstances of the transaction between them, and then read and interpret the words used in the light of these circumstances. (*Truett* v. *Adams*, 66 Cal. 218.)

Now, if we assume the position of the contracting parties, and consider the circumstances of the transaction, we shall see a railroad in process of construction by the defendant. The proposed line of the road extends across the plaintiffs' lots. The defendant is desirous of obtaining a right of way over the lots for its road. Without objection, its engineer has gone upon the lots and has surveyed and distinctly marked, by stakes stuck in the ground, the line of the road. A map of this survey has been made and is before the parties. Under these circumstances the deed in question is made, granting a right of way over the lots for the construction and operation of a railroad, "such right of way to be along the line as surveyed and laid out" by the engineer of the grantee. The road was then constructed across the lots, following the exact line of the survey.

Looking at the transaction in the light of these circumstances, we think that the rulings of the court were proper, and its conclusions correct. The pleadings were sufficient, the extrinsic evidence was admissible, and the deed was not void.

We therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.