[Civ. No. 3756.   Second Appellate District, Division One.—December 12, 1921.]

## JOSE MARIA FLORES, Appellant, v. JUANA E. DE FLORES, Respondent.

[1] DEED — DESCRIPTION OF PROPERTY — EXTRINSIC EVIDENCE. — The grantee of a deed is entitled to have title declared in him wherever, by reason of a fair interpretation of the terms of the conveyance, assisted by extrinsic evidence, the property may be identified.

[2] ID.—CONVEYANCE OF HALF INTEREST IN DEVISED PROPERTIES— SUFFICIENCY OF DESCRIPTION. — Two documents executed by a widow, each declaring that in one of the civil courts which is established in the county of Imperial Valley there are being determined the probate actions of the properties of her deceased husband, who left her by will all of his properties, "as well in the city of Calexico, as in this city, and is as follows . . . seven lots situated in the city of Calexico," and each document declaring a grant of twenty-five per cent of the rights which she "represents in the properties," operated to convey to the grantee a one-half interest in all of the real estate located in the city of

Calexico which was owned by her husband at the time of his death, and the fact that the county of Imperial was referred to as the county of Imperial Valley did not impair the description.

APPEAL from a judgment of the Superior Court of Imperial County. Phil D. Swing, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred Blaisdell for Appellant.

Ault & Anderson for Respondent.

JAMES, J.—Plaintiff brought this action in equity, asserting that he was the owner of a one-half interest, which he held in common with the defendant, who owned the remaining interest, in certain real property which was described in his complaint. He further alleged that income in the way of rentals had been collected by the defendant, who had failed to make accounting to him for any part thereof. His prayer was for partition of the property according to the interests of the parties, and for a share of the rentals and profits as the same might appear to be due him. The allegations of the complaint were sufficient in form and substance to authorize a judgment for the relief demanded. The action was tried, findings and judgment were made in favor of the defendant, and plaintiff has appealed.

To establish his interest in the land, plaintiff offered in evidence two documents, both of which were in practically identical terms, except that one was dated on the 15th of June, 1917, and the second on the 16th of July, 1917. Each purported to transfer to the plaintiff a twenty-five per cent interest in the property referred to therein, and the description of the property affected in both instruments was the same. We quote those portions of the instruments which are important to be considered in connection with the questions raised by the defendant's appeal: "Mrs. Juana E. de Flores, widow, declares and shows, that in one of the civil courts which is established in the City of El Centro, County of Imperial Valley, of the State of California, in the Republic of the United States, and in the court of the First Instance of this judicial district of Mexicali, there are being

determined at the present time the probate actions of the properties of her deceased husband, Mr. Francisco Flores, who died in the City of Calexico in the month of March last of the present year, and who before dying, executed in her favor a will, leaving to her as a sole and entire heiress, all of his properties which he possessed, as well in the City of Calexico as in this city, and is as follows: . . . seven lots situated in the City of Calexico, of and in the United States of North America, there being on one lot constructed two houses of wood and on the land which · embraces the six lots, there being constructed one house, and the rest remaining vacant, and of which property she will take possession as soon as the suits concerning same are terminated and the respective adjudication is made. The said Mrs. Juana E. de Flores, widow, declares that she sells, grants and conveys to Mr. Jose Maria Flores, a 25% of the rights which she represents in the properties, which are described in the article which precedes, or which is a one-quarter part of same, for the sum of 500 pesos, national gold, or its equivalent, $250.00, which the vendor acknowledges to have received before this act. . . . It is agreed that the buyer shall enter into possession of the (25%) twenty-five per cent that this represents in the properties to which this writing refers, as soon as the adjudication is made to the seller, but from now he shall be able to receive the profits and rents which belong to him according to the right which he represents.'' Issue was made, first, as to the execution of the instruments by the defendant, and, second, it was urged that the property was not sufficiently described in the documents to enable the land to be located by reference to that description. At the trial it was contended further that the evidence did not assist in making certain that description. The court found that defendant had executed the documents referred to, but sustained the other contentions and concluded that the property had not been identified either by the descriptions in the instruments of conveyance or the evidence submitted.

[1] The grantee of a deed is entitled to have title declared in him wherever, by reason of a fair interpretation of the terms of the conveyance, assisted by extrinsic evidence, the property may be identified. ''The fact that evidence *aliunde* the deed may be required to determine the land conveyed

does not render insufficient a general description pointing out the subject with reasonable certainty. . . . The meaning that the parties attached to the language employed, especially in matters of description, may be shown by parol evidence relating to the situation and condition of the subject matter, for the deed should be given a favorable construction, and one as near the meaning and intention of the parties as the rules of law will allow. A deed conveying all the lands of the grantor is not void for uncertainty of description, and passes the title to all lands in which he has an interest." (2 Devlin on Real Estate, 3d ed., pp. 1928, 1937.) Similar expressions are found in Pingrey on Real Property, volume 2, section 1377. (*Thompson* v. *Motor Road Co.*, 82 Cal. 497 [23 Pac. 130].) A deed describing property as "all my right, title, and interest in Sacramento City, Upper California, consisting of town lots and buildings thereupon," was held a sufficient description to convey title. (*Frey* v. *Clifford*, 44 Cal. 335.) A similar holding was made as to a descriptive clause in a deed reading: "All lands and real estate belonging to said party of the first part, wherever the same may be situated." (*Pettigrew* v. *Dobbelaar*, 63 Cal. 396.) In *McCullough* v. *Olds*, 108 Cal. 529 [41 Pac. 420], the court was considering a like question and there said: "The objection that the description in the deed to Couts was void for uncertainty, because it did not state the state, county, or city in which the property is situated, is not tenable. Such a statement was not necessary if, without it, the property could still be located and identified." [2] We think it quite clearly appears from the instruments executed by the widow Flores that she intended to convey to the plaintiff a one-half interest in *all* of the real estate located in the city of Calexico which was owned by her husband at the time of his death and which was therefore a part of his estate then being administered upon through the probate court in the county of Imperial. That intention being made manifest, it was incumbent upon the plaintiff to show that the property of which Francisco Flores died possessed was of the description set forth in his complaint. The decree of distribution would make good any title theretofore attempted to be transferred by the widow as distributee under her husband's estate. (*Emeric* v. *Alvarado*, 90 Cal. 444 [27 Pac. 356].)

"An heir may contract about or convey the title which the law had cast upon him on the death of his ancestor, and the validity or force of such contract is not affected by the fact that a probate court afterward, by its decree of distribution, declares his asserted heirship and title to be valid." (*Chever* v. *Ching Hong Poy,* 82 Cal. 68 [22 Pac. 1081].) The records in the probate proceeding in the matter of the estate of Francisco Flores were received in evidence, particularly the inventory of the property and the decree of final distribution. It appeared from that evidence that the inventory of the real property did show the descriptions according to the terms used by the plaintiff in describing the land; also that those descriptions covered all of the real property shown by said proceeding to have been owned by said Flores at the time of his death in Calexico. It appeared by the decree of distribution that the real property was distributed to the widow Flores plaintiff's grantor, less a certain portion thereof which had been sold during the course of administration. Plaintiff gave testimony at the trial and stated that he knew the property of Francisco Flores located in the city of Calexico and that it was the same which he had described in his complaint; that one lot had upon it two houses and that the remaining parcel, which was shown by other testimony to be two hundred by three hundred feet in dimensions and capable of being divided into six lots, each fifty by two hundred feet, had upon it one house. The description of the property given by the witnesses corresponded generally with the description contained in the instruments of conveyance in so far as the same illustrated the physical condition of the lots. The trial judge, in a written opinion which respondent prints in her brief, indicated how his conclusion as to the facts had been arrived at. In this opinion it is stated that plaintiff had failed to show "that the land described in the probate proceedings was all the land that the deceased owned in the city of Calexico," or "that the files offered to the court were the only probate proceedings pending in that court for the estate of Francisco Flores, or that the court in which said probate proceedings were pending was the only court existing at the time in the county of Imperial which had jurisdiction over probate proceedings." And further that, assuming all of those things to be proven, there

was a failure to produce the map called for in the description found in the probate proceedings. There was error in this reasoning of the trial judge: In the first place, there was only one court which could have jurisdiction of probate proceedings in the county of Imperial; in the second place, it would be presumed that the inventory filed in that case and the decree of distribution showed, first, all of the property possessed by the deceased in the county of Imperial, and, second, all of the property that was distributed to the widow by decree of that court. The absence from the evidence of the map referred to in the probate proceedings has no significance at all as influencing the determination of the issues which the court was called upon to .make. We will presume that the decree of distribution and the appraisement list correctly described the property. Plaintiff having shown that he was entitled to a one-half interest in all of that property (at least so much as was distributed to the defendant), the only question which it was necessary to further determine was as to whether the description set forth in the complaint corresponded with the descriptions which the probate proceedings exhibited. We have already remarked that those descriptions coincided. If the instruments of conveyance are interpreted as not on their face importing an intention to transfer interests in *all* of the real property of which Flores died possessed, but, rather, interests only in particular property intended to be specifically described, our conclusion would be the same. That is, it having appeared by the evidence that the deceased left real property in the city of Calexico answering generally to the description contained in the deeds, and that he left no other property, the identity was sufficiently established.

The fact that the county of Imperial was referred to in the deeds as the "County of Imperial Valley" did not impair the description. There was in fact a city of Calexico in the county of Imperial, and in the probate court of that county there were pending the proceedings in the estate of Francisco Flores at the time the deeds were made. Considering these facts, with all of the circumstances surrounding the parties, a court would not be justified in concluding that possibly some other city of Calexico, some other county of Imperial, in some other location in the United States, were intended to be designated.

The findings of the court are not sustained by the evidence.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* was acting.