[Civ. No. 3906. Third Appellate District.—October 15, 1929.]

JAMES T. DUNN, Respondent, v. MRS. JAMES CARROLL et al., Defendants; WILLIAM J. FARROW, Appellant.

[Civ. No. 3907. Third Appellate District.—October 15, 1929.]

JAMES T. DUNN, Respondent, v. WILLIAM J. FARROW, Appellant.

Charles H. Adkins for Appellant.

Wm. T. Kendrick and Victor H. Kendrick, for Respondent.

PLUMMER, J.—Two actions and two appeals, numbered respectively in this court 3906 and 3907, are involved herein. The two actions were tried together in the court below, are presented here upon one transcript, and will be decided as though only one action were involved. Both actions were brought to quiet title, one to quiet title to lots 5 and 6 in block "E," and the other to quiet title to lot 7 in block "E," town site of Howard (formerly Rosecrans), in the county of Los Angeles. The plaintiff had judgments quieting his title as to the lots involved, one judgment quieting title as to lots 5 and 6, and the other judgment quieting

title as to lot 7. The testimony set out in the transcript and the arguments of counsel relate to all of the lots alike. We shall henceforth speak of the two actions as one.

The plaintiff's judgments rest upon two grounds—record title and title by adverse possession. Prior to the twentieth day of June, 1892, one Emil R. d'Artois was the record owner of the lots involved upon this appeal, and on that day executed a deed of conveyance whereby he granted, bargained and sold to Mrs. James Carroll lots 5, 6 and 7 in block "E" of the town site of Rosecrans, being the lots hereinbefore referred to. This deed was recorded on June 20, 1894. On the thirteenth day of August, 1892, Emil R. d'Artois, by deed of conveyance, granted and sold a large number of lots situate in the town of Rosecrans to one W. E. de Groot, not including lots 5, 6 and 7 in block "E." This deed was recorded September 23, 1892. Thereafter, and on the seventeenth day of September, 1892, Adelaide d'Artois (a single woman), remised, released and forever quitclaimed to William E. de Groot all the right, title and interest of the party of the first part in and to all the lots in the town site of Rosecrans. This deed was recorded on the seventeenth day of September, 1892. On the third day of November, 1892, W. E. de Groot remised, released and forever quitclaimed unto James T. Dunn, the plaintiff in this action, a number of lots, included in the town site of Rosecrans, including lots 5, 6 and 7 in block "E." On the eighth day of June, 1892, Adelaide d'Artois bargained and sold all of her interest in certain property in the town site of Rosecrans, the property being described as lots lying in south half of section 12, township 3 S., R. 14 W., S. B. M., north half town site of Rosecrans. On the sixth day of July, 1892, Emil R. d'Artois reconveyed the same property to Adelaide d'Artois. The appellant William J. Farrow claims, through the conveyance made to Mrs. James Carroll heretofore mentioned, we need not set forth this chain of title, for the reasons hereinafter stated. The right of the plaintiff to succeed in this action depends upon the effect of the conveyance of Emil R. d'Artois to Adelaide d'Artois of all his right, title and interest in and to the town site of Rosecrans, and the deed by Adelaide d'Artois conveying all her right, title and interest in and to the town site of Rosecrans to William E. de Groot, and the subsequent convey-

ance of William E. de Groot, to the plaintiff, of lots 5, 6 and 7 in block "E" of the town site of Rosecrans. All these instruments were recorded long prior to the recording of the conveyance under which the appellant claims. The conveyance to the plaintiff was made on the third day of November, 1892, and was recorded on the twelfth day of November, 1892. The conveyance under which the appellant claims purports to have been executed on the twentieth day of June, 1892, but was not recorded until the twentieth day of June, 1894. Other conveyances affecting the plaintiff's title were recorded some months prior to November 12, 1892.

The appellant contends that the quitclaim deeds or instruments of conveyance under which the plaintiff claims were and are insufficient, though executed and recorded prior to the recordation of the deed under which the appellant claims. In this particular it may be stated that the record shows the plaintiff paid for the lots purchased the sum of $2,400 and there is no contention made or anything in the record indicating that the sum paid by the plaintiff was not an adequate consideration or the full value of the premises purchased. A large number of eastern cases are cited by appellant which, if the rules of law therein stated were applicable here, judgment of reversal would necessarily follow. These decisions, however, are rendered inapplicable by reason of the provisions of section 1214 of the Civil Code relative to the recording of instruments of conveyance, by which it is provided that an unrecorded instrument is not good as against a subsequent one where the subsequent purchase has been made in good faith and for a valuable consideration. The only suggestion of lack of good faith on the part of the purchase of the lots in question by the plaintiff is that he acquired title by quitclaim deeds. We may here state that the assertion by the appellant on page 63 of his brief that "when Dunn took his deed from de Groot he took it with notice that de Groot had no title to these lots," has absolutely no support in the record and appears to have been made upon the theory that the instruments referred to conveyed no title. That a quitclaim deed such as we have referred to herein is good as against an unrecorded grant, bargain and sale deed, has been the decided law of this state for a great many years.

In the case of *Graff* v. *Middleton,* 43 Cal. 341, it is held: "A quitclaim deed received in good faith and for a valuable consideration, and which is recorded before a prior deed of bargain and sale, will prevail over such prior deed." In that case the grantee, just as in this case, took his deed without notice, actual or constructive, of any prior deed. In that case, just as in this case, upon taking the deed to the premises the plaintiff entered into the possession of the lots conveyed. To the same effect is the case of *Frey* v. *Clifford,* 44 Cal. 335. There, the quitclaim deed was identical in its terms with the instruments attacked in this case. The quitclaim deed in the Frey case read as follows: "All my right, title and interest in Sacramento City, Upper California, consisting of two lots and buildings thereon." In the case of *Flores* v. *De Flores,* 55 Cal. App. 595 [204 Pac. 54], we find the following: "A deed conveying all the lands of the grantor is not void for uncertainty of description, and passes title to all lands in which he has an interest. A deed describing property as 'all my right, title and interest in Sacramento City, Upper California, consisting of town lots and buildings thereon,' was held a sufficient description to convey title. A similar holding was had as to a descriptive clause in a deed reading: 'All lands and real estate belonging to said party of the first part, wherever the same may be situated.'" Cases are cited supporting these statements in the opinion of *Flores* v. *De Flores, supra,* on page 598. In *Packard* v. *Moss,* 68 Cal. 123 [8 Pac. 818], it is held that a quitclaim deed gives color of title. In *Allison* v. *Thomas,* 72 Cal. 562 [1 Am. St. Rep. 89, 14 Pac. 309], it is held that a quitclaim deed is good as against a prior unrecorded deed, where taken in good faith and for a valuable consideration. That such a deed is sufficient to give color of title and lay the basis upon which to found title by adverse possession is supported by the rule stated in 1 California Jurisprudence, pages 571 and 572. That such a deed is sufficient to convey title is supported by the text found in section 90 of 9 California Jurisprudence, page 204. See, also, *Brusseau* v. *Hill,* 201 Cal. 225 [55 A. L. R. 157, 256 Pac. 419].

The record shows and the court found that the plaintiff went into possession of the premises involved immediately after the execution of the conveyance referred to in

1892, and has since remained in possession of the premises, claiming to own the same; that his possession was open, notorious and adverse to all the world, and that he paid taxes thereon for more than twenty years, to wit, from the time of taking possession thereof up to and including all taxes levied against said property prior to the year 1924. The court held that the title was taken in good faith, and for a valuable consideration; that the plaintiff had no knowledge, either actual or constructive, that any person claimed to have any right, title or interest in the premises; that the consideration paid by the plaintiff was fair and reasonable.

Whatever the law may be in other states, under the circumstances which we have detailed and the cases cited, it is not apparent how any other judgment could be rendered in this case than was rendered quieting the plaintiff's title to the lots in controversy.

It follows that the judgments appealed from must be, and they are, affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.