[Civ. No. 14252. Second Dist., Div. One. Feb. 1, 1944.]

CLAIRE M. BULLER, Respondent, v. JOHN J. BULLER et al., Defendants; ELIZABETH B. ATWILL, Appellant.

 

 █
 

Marcus L. Roberts for Appellant.

Michael F. Shannon and Thomas A. Wood for Respondent.

YORK, P. J.—This is an appeal from a judgment in favor of plaintiff Claire M. Buller, in an action to quiet title and determine the ownership of a sum of money.

The facts which form the background of this action briefly are as follows:

Claire M. Buller and John J. Buller were formerly husband and wife, and during their marriage they accumulated certain personal property together with two parcels of real property situate in Riverside County, to wit:

(1) Lot 62 of the Chancellor Tract No. 1, also referred to throughout the record as Chanslor Tract No. 1;

(2) The northeast quarter of section 34, township 8 south range 22 east, S.B.B.&M., referred to in the record as the government "homestead" property.

On September 6, 1933, said Claire M. Buller brought an action for divorce against said John J. Buller upon the ground of habitual intemperance, alleging in her complaint, "VI. That plaintiff and defendant, during the period of their married life, accumulated a certain parcel of land located in the County of Riverside, State of California, and described as: Chancellor Lot No. 62, located in or near the City of Blythe, State of California. That said plaintiff and defendant have certain cattle located on a ranch in Riverside County, California. That *plaintiff* is now possessed of certain bales of cotton, honey, and alfalfa seed, all of which is community property of plaintiff and defendant." But no mention was made in the complaint of the homestead property. The prayer of the complaint was to the effect that "all of the community property . . . be awarded to plaintiff."

Although the trial court found in the divorce action "that all of the allegations of plaintiff's complaint are true"; no disposition was made of any of the community property in either the interlocutory decree of October 25, 1934, or the final judgment of divorce entered on October 30, 1935.

On March 2, 1937, defendant John J. Buller quitclaimed all his interest in both parcels of real property to his sister, Elizabeth B. Atwill, the appellant herein.

Thereafter, in 1939, the homestead property was sold to E. E. Quick, who received a grant deed therefor from John J. Buller, a quitclaim deed from Elizabeth B. Atwill and her husband, William H. Atwill, and also a quitclaim deed from Claire M. Buller covering said property. The purchase price of $762.50 was deposited by Mr. Quick with the Riverside Title Company, whereupon on November 16, 1939, Claire M. Buller caused an execution to issue out of the aforesaid divorce action directed to the said title company on account of money in the amount of $983 which had accumulated and was unpaid by John J. Buller to said Claire M. Buller for the support of the couple's minor children. The title company made its return to the execution to the effect that it had no knowledge as to whether John J. Buller, Claire M. Buller or Elizabeth B. Atwill was the owner of the whole or any part of the deposit of $762.50. Shortly thereafter, the instant action was instituted by Claire M. Buller "for the purpose of having the title to said sum of $762.50 now held by the Riverside Title Company, determined, and her interest therein quieted, and the interest of said John J. Buller paid over under and pursuant to the terms of the Writ of Execution heretofore issued out of the above entitled Court." The Riverside Title Company interpleaded and deposited said sum of $762.50 with the clerk of the trial court, and the instant action was dismissed as to said company.

The instant case and that of *Buller* v. *Buller, ante,* p. 687 [145 P.2d 649], this day decided, were consolidated for trial, and at the conclusion thereof, the court found as to this case that John J. Buller attempted to transfer to Elizabeth B. Atwill the "real property sold, of which said money is the proceeds," but that Elizabeth B. Atwill paid no consideration therefor and took the same with full knowledge of the fact that Claire M. Buller claimed said property as community property and was entitled to the proceeds therefrom, and that

said Elizabeth B. Atwill had no interest in the said sum of $762.50 on November 16, 1939 (the date when the writ of execution issued) nor at any time prior or subsequent thereto. That at all times subsequent to November 16, 1939, Claire M. Buller was entitled to the whole of said $762.50 "by reason of the ownership of a one-half interest in and to said property, of which said sum is the proceeds, of the community property of plaintiff and defendant John J. Buller, which said property was not disposed of at the time of the divorce . . . and at all times subsequent to November 16, 1939 (plaintiff) was entitled to the remainder of said $762.50 by reason of the writ of execution hereinabove referred to."

Appellant urges that the finding of the court that Elizabeth B. Atwill "paid no consideration for said transfer and took said property from the defendant John J. Buller with full knowledge of the fact that the plaintiff Claire M. Buller claimed said property as community property and was entitled to the proceeds thereof"—has no support in the evidence.

An examination of the reporter's transcript reveals that the only witnesses produced at the trial of the consolidated cases were the plaintiff and the County Recorder of Riverside County, and that during his cross-examination of the plaintiff, counsel for appellant made the following statement: "We have a deed here of Mr. Buller to Mrs. Atwill, and I am going to show that they lived there for a year and a half. Mr. Buller and the boy lived there together for six months, paying no board. Then Mr. Buller took a job elsewhere, leaving his son there for another year, and the boy was entirely supported, and that is a consideration for the deed." Accordingly, the following uncontradicted evidence was elicited by said counsel from the plaintiff: "Q. Do you know that Freddie and your former husband lived with Mrs. Atwill for about six months—do you not? Do you know that is true? A. I wouldn't say. I don't know. Q. Don't you know where Freddie was during this period? A. I do. Q. Isn't it a fact he lived with Mrs. Atwill? A. Whether he lived there or not, I couldn't say . . . when he first went out to work at this hotel, he lived—he stayed at Mrs. Atwill's. . . . I do know he was with Mrs. Atwill; but how many months—it wasn't very long. . . ."

The final decree of divorce was entered on October 30, 1935; John J. Buller quitclaimed his interest in the two par-

cels of real property to Mrs. Atwill in March of 1937, and the property here involved was not sold to Mr. Quick until 1939. Mrs. Buller made no claim in her complaint for divorce that the homestead was community property and the record does not disclose any evidence tending to prove that plaintiff ever made such claim.

From this it would appear that the findings of fact complained of are not supported by any competent evidence.

The particular piece of community property here in question was neither mentioned in the complaint nor disposed of in the action for divorce, and it is conceded by respondent that "the rule of law in this state is settled beyond controversy that when a final decree of divorce is granted and does not adjudicate the rights of the parties in, or make any disposition of the community property, the parties become owners of such property as tenants in common." (See 3 Cal.Jur.Supp. 673, and cases there cited, including *McBride* v. *McBride*, 11 Cal.App.2d 521 [54 P.2d 480]; *Deacon* v. *Deacon*, 101 Cal.App. 195 [281 P. 533]; *Tarien* v. *Katz*, 216 Cal. 554 [15 P.2d 493, 85 A.L.R. 334]; *Estate of Brix*, 181 Cal. 667 [186 P. 135]; 5 R.C.L. 861, and 85 A.L.R. 340.)

In the case of *Brown* v. *Brown*, 170 Cal. 1, 3 [147 P. 1168], it is stated: "Where the final decree of divorce makes no disposition of the community property, the parties become tenants in common of such property. If the cause of divorce was neither cruelty nor adultery, each will thereafter be the owner of an undivided one-half of the community property without further order of the court, but if given for either of said causes, the respective interests of the parties in the community property left undisposed of is subject to the determination of a court of competent jurisdiction in a subsequent action or proceeding. [Citing authorities.]"

█ It is well settled that "a tenant in common property has the right to dispose of his own undivided share, but he may not sell the whole property, nor any portion thereof, except his own, and if he undertakes to dispose of any larger interest his coowners are not bound thereby." (*Payne* v. *Callahan*, 37 Cal.App.2d 503, 517 [99, P.2d 1050], citing 7 Cal.Jur. 357.)

█ "It has long been the accepted rule in this state that real estate, or an interest in real estate, can be alienated or assigned by a quitclaim deed. (*Graff* v. *Middleton*, 43 Cal. 341, 344.) Such a deed is good as against even an unrecorded

grant, bargain and sale deed. (*Dunn* v. *Carroll,* 101 Cal.App. 209 [281 P. 506], and cases cited.)'' (*Beach* v. *Faust,* 2 Cal. 2d 290, 293 [40 P.2d 822].)

In 9 Cal.Jur. pp. 99, 204, 205, the following statements appear: ''A quitclaim deed is closely related to a simple release, but has come to be recognized as a distinct form of conveyance, and operates like any other deed to the extent of transferring whatever title or interest the grantor has, but none other. . . . In California from the earliest times, the quitclaim deed has been in every-day use for the purpose of transferring title to land [citing authorities], and has been considered as effectual for that purpose as deeds of bargain and sale, or any other form of deed. . . . A quitclaim deed, however, purports and operates to transfer only such interest as the one executing it then has, and hence does not carry an after-acquired title.''

According to the foregoing principles of law, appellant Elizabeth B. Atwill, by virtue of the quitclaim deed from defendant John J. Buller, acquired title to whatever interest the latter then owned in the ''homestead'' property, to-wit: an undivided one-half interest. Moreover, the record does not disclose the date of the judgment, upon which the writ of execution issued on November 16, 1939, for the payment of money for support of the minor children, and since no provision for such payment was made in either the interlocutory or final decrees of divorce, it must be assumed that such judgment was not entered until after title to the half-interest in the ''homestead'' property vested in appellant. As a result, appellant is entitled to receive one-half of the proceeds from the sale of said property to Mr. Quick.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied February 25, 1944.