[Civ. No. 4432. Fourth Dist. Jan. 17, 1952.]

A. C. HELVEY, Appellant, v. COACHELLA VALLEY COUNTY WATER DISTRICT, Respondent.

William M. Taylor for Appellant.

Earl Redwine for Respondent.

MUSSELL, J.—Plaintiff A. C. Helvey brought this action to quiet title to real property situated in Riverside County. The defendant answered and filed a cross-complaint to quiet its title to the same property. Plaintiff appeals from the judgment quieting title in the defendant district.

 Plaintiff claims title by a quitclaim deed executed to plaintiff by Mary E. Ellsworth and Herbert L. Ellsworth on February 19, 1946, and by a default judgment against Emily H. Day, dated July 31, 1947, and procured in the Superior Court in Los Angeles County in action No. 529060. The evidence shows that the Ellsworths acquired title to the property here involved on October 17, 1907; that in 1912 they conveyed it to Charles L. and Nellie R. White and that the Ellsworths went through bankruptcy in 1932. Under these circumstances a quitclaim deed from the Ellsworths to plaintiff in February, 1946, is not sufficient to establish a prima facie case supporting plaintiff's title. The quitclaim deed only operated to transfer such interest as the Ellsworths had and did not carry any after-acquired title. (*Buller* v. *Buller*, 62 Cal.App.2d 694, 699 [145 P.2d 653]; *Lombardi* v. *Sinanides*, 71 Cal.App. 272, 277 [235 P. 455]; *Southern Pac. Co.* v. *Dore*, 34 Cal.App. 521, 524 [168 P. 147].)

 Plaintiff also failed to support his claim of title through Emily H. Day. The evidence shows that the Coachella Valley County Water District acquired title to the property here involved by collector's deeds executed in 1939, 1940 and 1941 under the provisions of the County Water District Act of the State of California by virtue of the former owner's failure to pay district taxes for the tax years of 1935, 1936, and 1937. In addition to these deeds, the district also received a deed to the property from the State of California on December 19, 1945, the property having been previously deeded to the state by virtue of a five-year period of delinquency in the payment of state and county taxes. On September 29, 1949, the district obtained a judgment in the Superior Court of Riverside County in action No. 41837, quieting its title to the real property here involved as against Charles L. and Nellie R. White. On February 23, 1946, the

defendant district, at the request of Emily H. Day, offered the property for sale at public auction pursuant to the terms of a "Second Resale Plan" then in effect for the disposal of tax deeded land within the district. Emily H. Day was the highest bidder at such sale. She deposited the amount of her bid with the district, took a receipt therefor, and requested the district to withhold the execution and delivery of the deed until the district had quieted title to the property in its name, in accordance with the provisions of the said "Second Resale Plan." The district then filed a quiet title action, No. 41837, against Charles L. and Nellie R. White. While this action was pending and before judgment had been entered therein, Emily H. Day filed a written request with the district that the sale of the property to her be canceled and that her deposit be refunded to her. In December, 1947, the district returned the funds to Emily H. Day which had been deposited by her and ordered that the property be withdrawn from sale. No deed was executed or delivered to Emily H. Day covering this land and the title thereto remained in the district. Plaintiff Helvey's claim to title through the default judgment obtained against Emily H. Day on July 31, 1947, is not supported by the evidence. As noted, the district was the owner of the property by virtue of collector's deeds, the judgment in the quiet title action against the Whites and the deed from the State of California. The district was not made a party defendant to the Los Angeles Superior Court default action and the judgment therein obtained did not affect the title to the property then held by the district. ■ Plaintiff Helvey could recover only upon the strength of his own title and not upon the weakness of the title of the district. ■ He failed to trace his title to the government, to a grantor in possession at the time of the quitclaim deed to him or to a source of title common to himself and to the district. Under such circumstances, he cannot recover. (*Helvey* v. *Sax*, 38 Cal.2d 21, 24 [237 P.2d 269].)

The evidence of title produced and presented by the district was amply sufficient to support the judgment quieting its title to the property involved.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.