WISCONSIN RIVER LAND COMPANY, Respondent, vs. SELOVER, Appellant.

*April 18—May 8, 1908.*

*Recording act:* Bona fide *purchaser: Notice: Putting upon inquiry: Purpose of act.*

1. In an action to remove a cloud on title, defendant relied upon sec. 2241, Stats. (1898), making an unrecorded conveyance void as against a subsequent *bona fide* purchaser for value whose conveyance is first recorded. The owner of a large number of tracts of land conveyed them to plaintiff by deed which was duly recorded. By mistake the description of the tract in question was not copied in the record. Defendant was a member of a partnership engaged in a real estate and in an abstract business in the county where said land was situated. The partners kept in their office a map purporting to show the ownership of various tracts of land, on which map plaintiff's name appeared as owner of the tract in question. In furnishing data for the compilation of a new map, defendant designated plaintiff as owner of said tract. It was the practice of defendant's firm to search the records for titles which could be bought for nominal amounts. Some twenty years after plaintiff's deed and after the death of the original grantor, defendant found that there was no conveyance of record covering the tract in question, and that it had come to A. as residuary devisee of the original owner. With the firm's funds and for the firm he procured from the residuary devisee a quitclaim deed of the same for $5. No inquiry was made of the residuary devisee as to his title and no search was made to see whether the land was inventoried in the estate of the original owner. The land was assessed at $150 for taxes and plaintiff had regularly paid the taxes. Defendant regarded the land as worth $80 at the time of his purchase. *Held* that, although defendant had no actual knowledge of plaintiff's title, he was not a purchaser in good faith for value, as the circumstances surrounding the purchase showed conclusively a wilful failure to make inquiry, and that defendant was fully aware that he was buying a merely speculative title.

2. In such action the fact that defendant's title was purchased for a mere nominal consideration was constructive notice of its invalidity and sufficient of itself to put him upon inquiry.

3. The purpose of sec. 2241, Stats. (1898), is to protect those who honestly believe they are acquiring a good title and who invest some substantial sum in reliance on that belief.

APPEAL from a judgment of the superior court of Lincoln county: ALMON A. HELMS, Judge. *Affirmed.*

This is a statutory action to remove a cloud from the title of a forty-acre tract of unoccupied land in Lincoln county. The defendant claimed title under a quitclaim deed from James A. Andrews and wife executed in October, 1906, and duly recorded on the 16th of that month. The evidence showed that on and prior to February 18, 1885, the parcel was owned by John Comstock in fee and that on that day he conveyed the same by warranty deed, together with a large number of other parcels of land, to the plaintiff corporation, which deed was filed for record in the proper office December 17, 1885, but that the register of deeds by mistake omitted to copy into the record of the deed this one description; that John Comstock thereafter died testate, and that by virtue of his will and of subsequent wills of residuary devisees therein said James A. Andrews and wife became the owners of all the right and title of said Comstock in any lands owned by him not specifically devised, the parcel in question not being so devised; that in October, 1906, the defendant was a woodsman or land cruiser in Lincoln county and was doing a land business as well as an abstract business at Merrill in copartnership with Thos. L. Davison, a lawyer, the land business being conducted under the name of the Merrill Land Company and the abstract business under the name of the Lincoln County Abstract Company; that the abstract company for a long time prior to the year 1906 had a map in their office purporting to show the ownership of each government forty in the county, and that the plaintiff's name was printed in the forty in question; that in March, 1906, the defendant firm furnished to one Mead the ownerships of lands in Lincoln county for a new map which the said Mead was preparing, and that in furnishing such data the defendant participated, and the name of the plaintiff was given as the owner of the tract in question; that *Selover* testified that

they used the abstract records to get the ownerships, but must have used the map to get the ownership of the land in question; that the firm dealt in Lincoln county lands, and made a practice of searching the abstract records for titles which they could buy for nominal considerations; that they found this forty and some others which were apparently still owned by John Comstock and had been since 1874; that on inquiry they found that Andrews was the heir of Comstock and that they sent him a letter in July, 1906, asking for a quitclaim deed of one or two descriptions, and offering to pay $5 *for executing the deed,* and finally secured the quitclaim for $5; that they made no inquiries to see if any one else claimed the land; that there appeared to be no tax titles against the land; that they considered it worth $1.50 to $2 per acre; that they made no search to see who had been paying the taxes and that "it looked queer" to them that they could buy the land at $5 a forty when apparently some one had been paying taxes on it for more than twenty years; that they made no inquiry of Andrews as to whether he had a good title, and made no search to see whether this land was inventoried as a part of Comstock's estate. It also appeared that the plaintiff had regularly paid the taxes upon the parcel since its purchase in 1885 and that the assessed valuation thereof in the years 1904, 1905, and 1906 was $150; and that *Selover* made the purchase for himself and his copartner, Davison, with firm funds.

Upon these facts the trial court held that the defendant and Davison before the delivery of their deed had knowledge of facts sufficient to put them upon inquiry, which inquiry if pursued with reasonable diligence would have resulted in the discovery of the fact that plaintiff owned the lands in question; that the defendant was not a purchaser in good faith for a valuable consideration, and that the plaintiff was the owner of the lands. Judgment was entered establishing plaintiff's title, and the defendant appeals.

For the appellant there was a brief signed by *Davison &*

*Davison,* attorneys, and *M. C. Porter,* of counsel, and oral argument by *Mr. Porter.*

For the respondent the cause was submitted on the brief of *Reid, Smart & Curtis.*

WINSLOW, C. J. The defendant's claim is that he was a subsequent purchaser in good faith and for a valuable consideration of the lands in question, and that since his deed was first duly recorded he is protected in his title, as against the plaintiff's previous unrecorded conveyance, by the terms of the recording act. Sec. 2241, Stats. (1898). The trial court held that although the defendant did not have actual knowledge of the plaintiff's title he still was not a purchaser in good faith, nor did he pay a valuable consideration. With these conclusions we entirely agree. Unquestionably the defendant knew that he was purchasing a suspicious and speculative title for a sum hardly more than sufficient to defray the cost of executing the deed. The statute was not enacted to protect one whose ignorance of the title is deliberate and intentional, nor does a mere nominal consideration satisfy the requirement that a valuable consideration must be paid. Its purpose is to protect the man who honestly believes he is acquiring a good title and who invests some substantial sum in reliance on that belief.

The fact that the supposed title could be and was purchased for a mere nominal consideration is certainly constructive notice of the invalidity of the title, and sufficient of itself to put the purchaser upon inquiry. *De Witt v. Perkins,* 22 Wis. 473; *Hoppin v. Doty,* 25 Wis. 573. The other circumstances surrounding the purchase which conclusively show the wilful failure on the part of the defendant to make inquiry when inquiry was loudly suggested only reinforce the conclusion that the defendant purchased for a song only a mere possibility of title, and that he was fully aware of the fact.

*By the Court.*—Judgment affirmed.