HAAG and wife, Respondents, vs. GORMAN, Appellant.

*December 11, 1930—January 13, 1931.*

*Charles H. Gorman pro se,* and *Llewellyn Cole* of counsel, both of Milwaukee, for the appellant.

For the respondents there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *James D. Shaw.*

FAIRCHILD, J. The defendant's rights rest upon the quit-claim deed for a nominal consideration under such circumstances that as against the plaintiffs he cannot be considered as a *bona fide* purchaser for value. *Wis. River Land Co. v. Selover,* 135 Wis. 594, 116 N. W. 265.

Attention is at once directed to the equities existing in favor of plaintiffs as against their grantor, for, under the circumstances, the defendant stands here in the grantor's place. Duncanson, the grantor, acquired the land extending to the lake. He platted it by the same description as that under which he acquired it. The certificates attached to the complaint show that it was his intention to plat the entire tract. They recite that the high-water mark which is shown as such on the plat constitutes the east boundary of the platted land. At the time of the sale to plaintiffs Duncanson pointed out and located the land, expressly representing that lot 1 purchased by the plaintiffs was a riparian lot. He indicated the location and boundaries.

The description of the land purchased by plaintiffs is alleged to be lots 1 to 10 inclusive in block 4, Michigan Heights addition to the city of Port Washington, Wisconsin. Lot 1 upon the map or plat of this subdivision appears to be bounded on the east by the line marked "edge of bluff." This is one hundred feet from Lake Michigan. In the certificate the west shore of Lake Michigan is fixed as the eastern boundary of the plat. Under these allegations there was in addition to the deed, the plat, and the certificate at the time of purchase an express representation by plaintiffs' grantor that lot 1 was a riparian lot extending to the shore of Lake Michigan.

Plaintiffs relied upon the representations and writings presented to them by their grantor and entered into possession of the land between the edge of the bluff and the lake, erected a dwelling thereon, and have since remained and

now are openly and notoriously in exclusive possession and occupancy of the premises.

Having thus placed the plaintiffs in actual possession of the premises under designated lines and marked boundaries, the grantor is now precluded from claiming any interest in or control over the land represented by him to be a part of lot 1.

In our study of this case we have considered the opinion of Mr. Chief Justice DIXON in the case of *Gove v. White,* 20 Wis. 425. The rule there stated is:

"One essential element of every equitable estoppel, by which a man is to be precluded from claiming what is his own, is that the purchaser and party claiming the benefit of such estoppel should have been ignorant of the true state of the title."

In that case the terms of the deed were unambiguous and the rights of the parties under it plain and evident. While that case may not be properly cited as an authority for our ruling, certainly the distinction there suggested of the difference between that state of facts and this tends to sustain the doctrine that an estoppel is created when it affirmatively appears that the purchaser has acted upon statements by the grantor that the east boundary of the lot is the lake and has been influenced thereby to take possession and build in reliance upon the statement. To permit the grantor to take advantage of a defect or apparent defect in the papers relating to the description of the premises would be wrong. We are of the opinion, therefore, that neither the grantor nor the defendant can maintain a claim to these premises. The defendant is bound by the representations made by Duncanson. *Two Rivers Mfg. Co. v. Day,* 102 Wis. 328, 78 N. W. 440; *Barker v. Southern R. Co.* 125 N. C. 596, 34 S. E. 701; *Miller v. Miller,* 60 Pa. St. 16, 100 Am. Dec. 538; *Wampol v. Kountz,* 14 S. Dak. 334, 85 N. W. 595;

*Simpson v. Blaisdell,* 85 Me. 199, 27 Atl. 101, 35 Am. St. Rep. 348.

The complaint states a cause of action and the demurrer was properly overruled.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.