[Civ. No. 4541. Third Appellate District.—June 9, 1932.]

SARAH A. CARLSON, Respondent, v. CHARLES P. CARLSON, as Executor, etc., Appellant.

Griffith Jones for Appellant.

J. H. Ardis and W. S. Knott for Respondent.

PRESTON, P. J.—The action is to determine conflicting claims to certain real property located in the county of Los Angeles, California.

The plaintiff is the widow of Andrew Carlson and the defendant is the executor of the last will and testament of the said Andrew Carlson, deceased prior to the time of the commencement of the action.

In the main, the facts are stipulated and may be here detailed. On the seventh day of January, 1920, Andrew Carlson was the owner of the real property here involved. At or about that time he proposed marriage to the plaintiff, then known by the name of Sarah A. Reasoner. It seems that in her consideration of the proposal, she then being of the mature age of seventy-two, the thought of future security against age and want entered into her mind. She told Carlson that before she would agree to a marriage there must be some provision made for her. Accordingly, Carlson consented to making a transfer to her of the property. They consulted a lawyer on the subject and first was discussed the plan of making a will. Plaintiff demurred to this, stating that she wanted the affair fixed up once and for all and with no fear of future disturbance or litigation. The lawyer advised a straight deed as being the simplest and most effective method of vesting plaintiff with the full title. This being satisfactory to all concerned, the lawyer, at the request of Carlson, prepared the deed which was then executed by Carlson and duly acknowledged. It was then delivered to plaintiff, who, being not familiar with the procedure usual to such transactions, inquired as to what she should do with the instrument. Carlson and the lawyer both advised her that she should have the deed recorded. This was done and after recordation the deed was returned to her.

On the day succeeding the delivery of the deed the couple were married and lived happily thereafter up to the date of the death of said Andrew Carlson, making their home on the property deeded to the wife.

Andrew Carlson left a will which was admitted to probate and the defendant and appellant was duly appointed executor of said will and of the estate of the decedent.

The claim of defendant is that at the time of his death the said Andrew Carlson was the owner of the property and that the same immediately vested in the heirs of decedent and in the said executor for purposes of administration.

█ The basis of this claim may now be considered. Quoting from the brief of appellant: "The court will recall that it was stipulated to be a fact that Sarah A. Carlson, plaintiff herein, received the deed from Andrew Carlson on the 7th day of January, 1920, at which time Andrew Carlson was the registered owner of said land under the Torrens Title Act. She recorded the deed but did not file the same with the registrar, nor did she comply with any of the terms of the Torrens Act pertaining to the manner in which property held under the Torrens Title Act may be transferred." This constituted practically the whole of appellant's claim.

The factual basis may be conceded. It is true that Andrew Carlson had caused a decree to be entered under the so-called Torrens Act and a certificate of title was issued thereunder showing the title in fee to be in the said Andrew Carlson. It is further true that at the time of the death of the said Andrew Carlson there had been no change made in the office of the registrar and the certificate issued to the said Carlson had not been canceled.

We deem it unnecessary to review the provisions of the so-called Torrens Act or to analyze and compare the decisions construing the same. The purpose of the act and of legislation similar thereto is to provide security of title and protect those dealing with real property the title to which has been certified thereunder. We may take it for granted, without further inquiry, that the effect of the certificate of title issued to Carlson was to vest in him the title to the land, free from all lien or encumbrance. There is nothing in the act that restricts the right of alienation. The act does provide that transfers not filed with the registrar may be

defeated but in nowise attempts to make any unregistered transfer as of no effect.

Any person taking a title on the strength of the Torrens Act certificate is protected against adverse claims only in the event of *bona fides*. This is determined and the entire subject analytically discussed in *Follette* v. *Pacific L. & P. Co.*, 189 Cal. 193 [23 A. L. R. 965, 208 Pac. 295].

It is manifest, in the instant case, that Andrew Carlson had no claim or interest in the property at the time of his death by reason of the conveyance to plaintiff. True, he may have had the record title, but whatever the state of the title as between him and his grantee the entire estate was vested in the latter.

It seems too elementary to require citation that Andrew Carlson during his lifetime could not have asserted title against his admitted grantee of the fee solely on the grounds that the latter had not procured her deed to be registered. His heirs take no more than he had. They are not purchasers for value, in good faith and without notice.

Heirs occupy the place of their ancestor. They take precisely the same interest in the property which he had at the time of his death and have no greater or better claim than he had. They hold the property inherited from him precisely as he held it, subject to the same conditions and equities that attached to it in his hands. (9 R. C. L., p. 87; 9 Cal. Jur., p. 472.)

It would be a strange doctrine to hold that all of the acts of any person become null and void immediately upon his death and to test the sufficiency of any transfer by the naked record.

It may be stated, in passing merely, that there is no showing here of any indebtedness of the estate or that the property or the proceeds thereof are necessary for purposes of administration.

There is another feature of the case to be noted. Subsequent to the death of Andrew Carlson and prior to judgment herein the plaintiff did cause her deed to be registered with the registrar under the Torrens Act and did receive from him a certificate showing the title to be vested in her. Appellants claim that this had no effect whatsoever upon the title to the property for the reason that the title

had already vested in the heirs and the act of the registrar in issuing a certificate to Sarah Carlson was therefore void.

Section 48 of the act therein called Land Title Act and being numbered Act 8589 provides for cases for transfer and reads:

"And upon filing such deed or other instrument in the registrar's office, and surrendering to the registrar the duplicate certificate of title, the transfer shall be complete and the title so transferred shall vest in the transferee."

This has been done by plaintiff and we look in vain for any provision of the act limiting the time within which such proceeding must take place.

Further, inasmuch as appellant lays great stress upon the exact letter of the law, regardless of the spirt or intent thereof, it might be fitting to note that no place in the record before us do we have any record of the proceedings under the Land Title Act. The certificate is not before us nor is there anywhere printed in the brief of appellant any of the evidence adduced at the trial nor is the transcript in any way referred to for our guidance.

Appellant lastly urges the bar of the statute of limitations. Section 45 of the act referred to provides that no action shall be brought adversely to the title or interest certified in the first certificate bringing the land under the operation of the act after one year following the first registration. A complete answer to this contention is the fact that the present action is not adverse to the title certified. It is a claim under the said title and in strict reliance thereon.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.