[Civ. No. 5249. Third Appellate District.—December 18, 1934.]

LOOP BUILDING COMPANY (a Corporation), Plaintiff and Appellant, v. FRANZ FREDENHAGEN et al., Respondents; HAMMOND LUMBER COMPANY (a Corporation), Intervener and Appellant.

Ray Howard for Appellants.

John F. Poole and Robert E. Abbott for Respondents.

PULLEN, P. J.—This action, in the nature of a creditor's bill, was brought by plaintiff to have it decreed that the real property involved was the property of defendant C. A. DeCoo, and also prayed that the registrar of titles of the county of Los Angeles make the necessary and appropriate entries, the property in question having been recorded under the Torrens system.

At a time prior to the institution of this action, C. A. DeCoo was the owner of certain parcels of real property.

In June, 1930, in the case of *Loop Building Co.* v. *DeCoo,* a money judgment was recovered against DeCoo, and execution thereon was returned unsatisfied. Thereafter, upon an order of examination of the judgment debtor, Mr. DeCoo appeared before a referee and was interrogated, at which hearing it was developed that in June, 1930, DeCoo conveyed the property in question to Franz Fredenhagen as trustee for Margaret Fawell, a sister of DeCoo, in consideration of an indebtedness he owed her.

Thereafter, the superior court made an order on supplemental proceedings granting leave to plaintiff herein to maintain an action for the recovery of any interest of the judgment debtor in the real property in question, and accordingly the present action was brought. By a complaint in intervention it was also made to appear that DeCoo was indebted to Hammond Lumber Company in the sum of $1100, which also remained unsatisfied. Upon the trial of these actions judgment was rendered in favor of defendant, from which judgment this appeal is prosecuted.

Many exceptions were taken to rulings of the trial court but the most important, and the one we believe requires a new trial, was the refusal of the trial court to permit plaintiff's attorney to attempt to impeach defendant DeCoo by reading the transcript of the testimony given by him before the referee. The refusal of the court to permit such cross-examination was based upon the ground the transcript was not certified by the reporter.

DeCoo had been called under section 2055 of the Code of Civil Procedure and testified he recalled being examined on supplemental proceedings on July 31, 1930, before Honorable Arthur P. Will, referee in the case of *Loop Building Co.* v. *DeCoo.* The attorney for plaintiff then offered to read from a purported transcript of the proceedings then had and to ask the witness if he had not so testified as therein set forth, to which defendant objected upon the ground the same was not certified, and the objection was sustained.

Section 2052 of the Code of Civil Procedure provides: "A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be done the statements must be related to him, with the circumstances of times, places, and persons present, and he must be asked

whether he made such statements? and if so, allowed to explain them. If the statements be in writing, they must be shown to the witness before any question is put to him concerning them.''

It appears that the witness was informed as to the circumstances of time, place and persons present, and the statements of the witness were clearly proper for the purpose of impeachment. In view of the fact that the outcome of the case depended largely upon the acts and good faith of DeCoo, plaintiff should have been permitted to examine him as to statements alleged to have been made by him before the referee in regard to his property and creditors.

Believing, as we do, the ruling restricting the cross-examination of Mr. DeCoo was prejudicial to the rights of plaintiff in a material matter, a new trial should be had and plaintiff given the opportunity of inquiring into the previous statements of defendants.

Numerous other objections are raised but we believe sufficient has been said, as many of the objections urged are based upon the foregoing circumstances and will not arise in a subsequent trial.

The judgment is reversed and the cause remanded for a new trial.

Plummer, J., and Thompson, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 14, 1935.