[Civ. No. 2768. Fourth Dist. Aug. 7, 1941.]

MARGARET FAWELL, Respondent, v. LOOP BUILDING COMPANY (a Corporation) et al., Appellants.

Ray Howard and Chas. M. Easton for Appellants.

John F. Poole and Robert E. Abbott for Respondent.

BARNARD, P. J.—This is an appeal from a judgment quieting the plaintiff's title to certain parcels of real property.

Prior to 1929 the lots in question were owned by C. A. DeCoo and had been registered under the Land Title Law, commonly known as the Torrens Land Title Law, in the name of DeCoo. On March 25, 1929, DeCoo conveyed the property to his sister, the plaintiff and respondent here, who lived in Chicago. The deeds were recorded and later sent to Mrs. Fawell, who still retained them at the time of the trial. However, these conveyances were not registered under the Land Title Law and no new certificate was issued showing title in Mrs. Fawell. On June 12, 1930, DeCoo conveyed the same property to his nephew Franz Fredenhagen, with an oral agreement that this grantee would hold the property in trust for Mrs. Fawell. This conveyance was registered under the Land Title Act.

On June 20, 1930, the Loop Building Company secured a judgment for about $1700 in an action it had filed against DeCoo. In an *ex parte* proceeding in that action the court restrained the further transfer of the property and gave permission for the Loop Building Company to file an action

for the purpose of determining whether DeCoo still had any interest in the property. On December 11, 1930, the Loop Building Company filed an action against Fredenhagen, DeCoo and the registrar of titles in Los Angeles County, seeking to have it declared that this real property was the property of DeCoo and subject to its judgment, and to have the registrar's records and certificates corrected so to show. A judgment for the defendants in that action was later reversed on the ground that certain evidence should have been received. (*Loop Building Co.* v. *Fredenhagen,* 3 Cal. App. (2d) 151 [39 Pac. (2d) 222].)

On January 27, 1931, Fredenhagen filed another action against the Loop Building Company alleging, among other things, that he held title to this property as trustee for Mrs. Fawell and seeking to quiet title in himself as such trustee. On February 27, 1935, Mrs. Fawell brought this action to quiet her title to the property. By stipulation, all three actions were tried together, this being a retrial of the first of these actions and the first trial of the other two. The court found in all respects in favor of Mrs. Fawell and entered a judgment in her favor in the last of these actions quieting her title to the property. From that judgment, the Loop Building Company and the special administrator of the estate of C. A. DeCoo have appealed. It is said that the special administrator is interested in protecting two other creditors of the deceased.

The appellants first contend that some fourteen of the findings are not sustained by the evidence. Most of these objections are based upon mere conflicts in the evidence. In a few instances the court, in finding that the allegations of particular paragraphs in the pleadings were or were not true, inadvertently found that some paper had not been filed or that some thing had not been done when the admitted facts are to the contrary. These were all as to immaterial matters. Only one or two of the points raised under this head require any consideration. It is argued that a finding that the conveyance to Mrs. Fawell was not made in lieu of testamentary disposition is not supported by any evidence. Mrs. Fawell testified that DeCoo was indebted to her in the sum of $1250, for which amount he had given her a note, and for services which she had subsequently rendered to him; that some months before March 25, 1929, DeCoo agreed to pay

this debt by conveying to her property which he owned in California; and that, subsequently, he conveyed this property to her and she surrendered the note and cancelled the debt. Her evidence sufficiently supports the finding here in question, as well as other findings which are attacked. ▉

It is further argued that the court's finding to the effect that no evidence had been produced showing insolvency or contemplated insolvency on the part of DeCoo is without support in the evidence. Aside from a general failure of proof in this regard there is direct evidence which indicates that the conveyance of this property by DeCoo to Mrs. Fawell did not result in his insolvency. The nephew, Fredenhagen, testified that about May, 1930, which was some fourteen months after the property was conveyed to Mrs. Fawell, DeCoo transferred to that witness "some of his stock" in a lumber company and "several parcels of real estate" which had nothing to do with the property here in question. There is no evidence in the record as to the value of the property thus transferred to the nephew, and for all that appears DeCoo may have had ample means to pay all of his debts at the time this property was conveyed to Mrs. Fawell.

Among other things, the court found that this property had been conveyed to the respondent by a deed executed by DeCoo on March 25, 1929; that the conveyance was made for a good and adequate consideration and that ever since that date she has been the owner in fee simple of said property and in possession and entitled to possession thereof; that after March 25, 1929, DeCoo made no claim to said property; that the property was conveyed to the respondent in payment of a debt of $1250 and certain other valuable obligations and considerations; that said conveyance was made pursuant to an agreement between the parties thereto which was made in the early part of December, 1928; that the deed was given to cancel the indebtedness; and that Mrs. Fawell did not, at the time of accepting said deed nor for a long time thereafter, have any knowledge that DeCoo was indebted to any person or company. These findings are sufficiently sustained by the evidence.

▉ It appears, therefore, that DeCoo conveyed this property to respondent for a good consideration before the appellants acquired any lien on this property, at a time when his insolvency was not indicated, and without knowledge on

the part of the respondent that he was indebted to others. DeCoo himself could not have set aside the conveyance to the respondent and the appellants are in no better position. ■ It is well settled that an attaching creditor can take only whatever interest the debtor has. (*Bank of Ukiah* v. *Petaluma S. Co.*, 100 Cal. 590, 591 [35 Pac. 170].) The appellant corporation was not even an attaching creditor.

■ The only remaining question which requires consideration is whether the failure of the parties to register the conveyance to the respondent under the Land Title Law renders that conveyance void as against a subsequent judgment creditor. It appears that DeCoo attempted to remedy that situation by later, and before the Loop Building Company's judgment was entered, again conveying the property to his nephew but in trust for the respondent, which conveyance was registered under the Land Title Law. Whether or not this attempted remedy was sufficient, in itself, the fact remains that DeCoo had previously conveyed the property to the respondent, and recorded the conveyance. The appellants can be in no better position than was DeCoo, and at least as between the parties the original conveyance was valid whether or not it was registered under the Land Title Law. (*Carlson* v. *Carlson,* 124 Cal. App. 207 [12 Pac. (2d) 165]; *Congdon* v. *G. M. H. Wagner & Sons*, 207 Cal. 373 [278 Pac. 863].) It follows that the trial court was correct in finding and holding that the corporate appellants' judgment was not a lien on the property and that the respondent was entitled to judgment quieting her title thereto.

The judgment is affirmed.

Griffin, J., and Mundo, J., *pro tem.*, concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 2, 1941.