[Civ. No. 13251. Second Dist., Div. One. Oct. 16, 1941.]

C. P. WARDEN, Appellant, v. WYANDOTTE SAVINGS
BANK (a Banking Corporation), Respondent.

J. Everett Brown for Appellant.

Cosgrove & O'Neil and J. J. Brandlin for Respondent.

DORAN, J.—The plaintiff and cross-defendant appeals from a judgment in favor of defendant and cross-complainant rendered in an action to quiet title to real property registered under the Torrens Act (Stats. 1915, p. 1932, Deering's General Laws, Act 8589). Plaintiff also attempts to appeal from an order denying a motion for a new trial, from which there is of course no appeal.

Defendant is a Michigan banking corporation, and its claim to the property in question was based upon a deed to the property executed December 22, 1934, wherein the Union Guardian Trust Company, a Michigan corporation, as trustee in bankruptcy for Abraham M. Koploy, conveyed the said property to defendant. At the time of the conveyance in question the said Abraham M. Koploy was the registered owner of the property by virtue of a certificate of title under the Torrens Act. However, Koploy had been adjudged a bankrupt in the United States District Court for the Eastern District of Michigan. The deed in question was recorded in the office of the recorder of Los Angeles County, California, in 1936, but was not registered pursuant to the Torrens Act.

Plaintiff's claim to the property was based upon a deed executed June 10, 1938, by Koploy personally, quitclaiming the property in question to plaintiff. This deed was registered under the Torrens Act, but it does not appear that a certificate of title was issued thereon.

It should be noted that the certificate of title showing Koploy as the owner of the property was cancelled August 28, 1937, title having been transferred to the State of Cali-

fornia pursuant to a tax collector's deed for delinquent taxes. The conveyance to plaintiff by Koploy appears to have been made for a consideration of $10 and the assumption by plaintiff of the delinquent taxes.

The trial court found defendant to be the sole and absolute owner of the property, and that the claims of plaintiff were unfounded, that defendant had paid all taxes, penalties and interest on October 6, 1938, in the total sum of $154.71, and that plaintiff had not reimbursed or offered to reimburse defendant for the payment of the taxes; and the court accordingly gave judgment quieting title in defendant.

At the trial plaintiff introduced in evidence the cancelled certificate showing title in Koploy, the subsequent certificate showing title in the state and the deed of Koploy, thereafter executed and registered, quitclaiming Koploy's interest in the property to plaintiff. Upon this evidence plaintiff rested. Over objection of plaintiff, defendant then introduced in evidence the deed above mentioned, from the trustee in bankruptcy to defendant, the decree of the federal district court adjudicating Koploy a bankrupt, together with the order approving the appointment of the trustee, certificates showing that defendant had paid the delinquent taxes on October 6, 1938, and a letter written by plaintiff to Koploy, without date, but apparently written after plaintiff received the deed from Koploy.

It appears from the evidence that plaintiff specialized in the buying of property sold for taxes. The letter above referred to, as introduced in evidence, bears the heading "Warden—Tax Deeds—Delinquent Street Bond Liens", and reads as follows: "Mr. A. M. Koploy, Dear Sir: In running title on the lots I received a deed from you I find a deed to the Wyandotte Savings Bank of your City. I have written them twice requesting a reply to which they have not answered. Will you please tell me their connection and if they have given you a deed will you please forward same so that it may be recorded. Will you also please give me the status of undivided 4/70 interest in Lots 2–3 F. W. Gibson Tract El Monte. Thanking you in advance, I am Resp. C. P. Warden.''

On the bottom of this letter there appears the reply written by Koploy, as follows: "It is possible that the Wyandotte Savings Bank have a deed to this property as at the time I

went through bankruptcy I turned over to them a number of properties. As I am not on especially good terms with them I would rather you would take the matter up with them direct. A. M. Koploy''

There was evidence that plaintiff had consulted the map books in the county assessor's office with regard to the property in question, before he consummated the deal with Koploy. It was stipulated at the trial that the assessor's map books show the map of a tract on the left hand page, while on the right hand page, immediately opposite, appears the name of the party to whom the property is assessed; and that in the case of the property here in question the assessor's books showed that the property was assessed to defendant. There was also evidence that in the statement of identity accompanying the deed to plaintiff, Koploy had described himself as ''the former owner'' of the property.

There was evidence that the property in question was worth from $600 to $800 and plaintiff conceded it was worth $400.

It would appear, therefore, that there was sufficient evidence from which the trial court might have inferred that plaintiff purchased the property with actual knowledge of the prior conveyance to defendant. In any event, the evidence would support a finding that the circumstances were such as to put plaintiff upon notice of the prior conveyance. Moreover, the evidence indicates that the consideration for the deed from Koploy to plaintiff was inadequate, when viewed in the light of the evidence as to value of the property. The evidence furnishes sufficient justification for holding that plaintiff was not a *bona fide* purchaser for value, without notice.

''The recording laws were not enacted to protect those whose ignorance of the title is deliberate and intentional, nor does a mere nominal consideration satisfy the requirement that a valuable consideration must be paid. Their purpose is to protect those who honestly believe they are acquiring a good title, and who invest some substantial sum in reliance on that belief.'' (*Beach* v. *Faust,* 2 Cal. (2d) 290, 292, 293 [40 Pac. (2d) 822].) It should be noted that section 39 of the Torrens Act reads as follows: ''No unregistered estate, interest, power, right, claim, contract, or trust shall prevail against the title of a registered owner *taking bona fide for a valuable consideration,* or of any person *bona fide* claiming

through or under him." (Italics added.) It would appear, therefore, that the Torrens Act was intended to protect only *bona fide* purchasers for value, without notice.

 Plaintiff, appellant, takes the position that the documents introduced by him established a *prima facie* case in his favor and that, since the property was registered under the Torrens Act, the evidence introduced by defendant, respondent, as to the prior unregistered conveyance was therefore immaterial and irrelevant and the court erred in admitting the same. But it cannot be held that the recorded conveyance of the property from the trustee in bankruptcy to respondent was of no effect merely because it was not registered under the Torrens Act. "There is nothing in the act that restricts the right of alienation. The act does provide that transfers not filed with the registrar may be defeated but in nowise attempts to make any unregistered transfer as of no effect." (*Carlson* v. *Carlson,* 124 Cal. App. 207, 209, 210 [12 Pac. (2d) 165].) And, at least as between the parties, the conveyance is valid whether or not it was registered under the Torrens Act. (*Fawell* v. *Loop Building Co.,* 46 Cal. App. (2d) 426 [116 Pac. (2d) 88], and cases cited.) After the conveyance of the property by his trustee in bankruptcy, the bankrupt, Koploy, under the circumstances here presented, would be estopped to claim any title to the property, and plaintiff, as Koploy's grantee, could be in no better position than Koploy himself. Moreover, the conveyance to respondent being a valid one, it follows that when Koploy quitclaimed his interest in the property to appellant, Koploy at that time had no interest to convey.

 Appellant contends that the trustee in bankruptcy by his failure to file in the county of Los Angeles within thirty days, or at all, a certified copy of the decree of adjudication, waived all claim to this property in the bankruptcy proceedings, by virtue of sec. 75, subd. c, U. S. C., Title 11, which provides that a certified copy of the decree shall be so filed. There is no merit to appellant's contention. As clearly indicated in *Beach* v. *Faust, supra,* the purpose of this section is merely to give notice of the trustee's title; and the filing of such a notice adds nothing to the trustee's title. (See *Southern Dairies* v. *Banks,* 92 Fed. (2d) 282 (*certiorari* denied *Banks* v. *Southern Dairies,* 302 U. S. 761 [58 Sup. Ct. 368, 82 L. Ed. 590].) As already pointed out, the circum-

stances here presented are sufficient under which to hold that appellant was either put upon notice of the prior conveyance to respondent or had actual notice thereof, regardless of whether the trustee had filed a certified copy of the decree in the county recorder's office.

There is no merit to appellant's contention that the trial court erred in admitting into evidence certified copies of records of the United States District Court, Eastern District of Michigan. As indicated by the trial court at the time the documents were received in evidence, section 1905 of the Code of Civil Procedure permits a judicial record of the United States to be proved by the production of a certified copy thereof. There is no requirement that a copy of such a record be exemplified.

The record here presented fully justifies and supports the judgment of the trial court quieting title to the property in respondent. Moreover, the finding of the court that plaintiff had no title or right to the property may be justified on another ground than that specifically pointed out upon this appeal, i. e.: That at the time Koploy conveyed his interest in the property to plaintiff title was in the state; and the record reveals that neither Koploy nor plaintiff redeemed the property from the sale for delinquent taxes, whereas it is established that the property was so redeemed by defendant and that plaintiff never reimbursed defendant therefor. The findings of fact made by the trial court would indicate that this latter ground was that on which the court based its judgment.

For the foregoing reasons the judgment is affirmed. The appeal from the order denying the motion for new trial is dismissed.

York, P. J., and White, J., concurred.