[Civ. No. 14131.   Second Dist., Div. Three.   Mar. 22, 1944.]

LAURA FITZSIMMONS, Appellant, v. E. W. RAICHE, as Administrator, etc., Respondent.

Catlin & Catlin and William E. Woodroof for Appellant.

Alvan M. Palmer and Harvey A. Harkness for Respondent.

BISHOP, J. pro tem.—The plaintiff in this quiet title action finds herself in a dilemma. The title to the real property in question, if we look only to the deeds which were made and delivered, was in her brother at the time of his death. That is also where it was if the intent with which the deeds were made and delivered is given effect. In either event the judgment in favor of the administrator of her brother's estate, from which the plaintiff has appealed, should be affirmed.

There is some room in the evidence for a conflict in the inferences which might have been drawn concerning the intent with which plaintiff's brother acted, but the trial court had ample grounds for the conclusion, which it doubtless reached, that these were the penultimate facts. Plaintiff's brother owned his home. He became somewhat fearful that his creditors might look with longing eyes at it, so he proposed to his sister, and they carried out, the following program. He made a deed of his home to her, personally filing it with the registrar of titles, without the deed ever being

in her possession, and she signed and forwarded to him a deed covering the property which, unrecorded, he placed in his safe deposit box where it was found upon his death. Neither the plaintiff nor her brother believed that he did not at all times have full control over the property after these deeds had passed, nor did they intend that it should be otherwise. They did intend that if he died before she did, and before he had disposed of the property, that it should become hers. A program such as that adopted by plaintiff and her brother operates to pass title as a practical matter if the facts are not discovered, so that the title as disclosed by the face of the record remains unquestioned. The true facts came to light in the present case, however, partly through the commendable honesty of the plaintiff, appearing as a witness, and it is clear that at his death her brother, and not the plaintiff, was the owner of the property to which the plaintiff claimed title, no delivery of any deed having been made to her, and no other circumstance existing which operated to transfer the title to her.

■ The elementary principles of law which uphold the trial court's conclusion that, at the time of his death, plaintiff's brother and not the plaintiff held title to the property (*Miller* v. *Jansen* (1943), 21 Cal.2d 473 [132 P.2d 801]; *Blackledge* v. *McIntosh* (1927), 85 Cal.App. 475 [259 P. 770]; *Hall* v. *Ferguson* (1935), 8 Cal.App.2d 444 [47 P.2d 1073]; *Rothney* v. *Rothney* (1940), 41 Cal.App.2d 566 [107 P.2d 284 [294]]), are not rendered inapplicable by the fact that the property had been placed under Torrens Title. (*Warden* v. *Wyandotte Savings Bank* (1941), 47 Cal.App.2d 352, 356 [117 P.2d 910], and cases cited.)

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.