[Civ. No. 15124.   Second Dist., Div. Two.   Mar. 7, 1946.]

In re MARGARET FAWELL, on Petition for Order Under Land Title Act.   MARGARET FAWELL, Respondent, v. HELEN LOOP et al., Appellants.

Ray Howard for Appellants.

John F. Poole for Respondent.

McCOMB, J.—From a decree directing the Registrar of Titles of Los Angeles County to issue petitioner a certificate of title free from the claims of appellants as assignees of a judgment creditor, Loop Building Co., claiming under levies of execution upon a money judgment in favor of that company, assigned to it against the judgment debtor C. A. DeCoo, petitioner's predecessor in interest in the land in question, objectors appeal.

The facts are these:

On June 20, 1930, Loop Building Company obtained a money judgment against Mr. DeCoo.   Prior to that time Mr. DeCoo had conveyed his land by "Torrens Title" deed to Mr. Fredenhagen under an oral trust for the benefit of petitioner.   On August 8, 1930, an order was made restraining Messrs. DeCoo and Fredenhagen from transferring the land in question pending the termination of an action which Loop Building Company was given leave to commence for the recovery of the judgment debtors' interest in such land.

A second suit was instituted by Loop Building Company against Fredenhagen and after an adverse judgment for the

plaintiff had been reversed by the District Court of Appeal (*Loop Building Co.* v. *Fredenhagen,* 3 Cal.App.2d 151 [39 P.2d 222]), the action of *Fawell* v. *Loop Building Co.* instituted by the present petitioner as plaintiff to quiet title to the land involved was tried, and a decree quieting plaintiff's title in the land was entered, which decree was subsequently affirmed by the District Court of Appeal and a hearing denied by the Supreme Court. (*Fawell* v. *Loop Building Co.,* 46 Cal.App.2d 426 [116 P.2d 88].)

After the affirmance of this judgment counsel for Loop Building Company obtained upon stipulation an order for the issuance of an execution in the original action of *Loop Building Co.* v. *DeCoo.* Petitioner here was not a party to such action. Thereafter she made a motion to set aside the order directing the issuance of the execution and to quash the execution. This motion was denied for the reason that not being a party to the action she had no standing before the court.

This is the sole question necessary for us to determine: *Did the order of the superior court directing that an execution issue and the execution pursuant to such order constitute a lien on the property as to which petitioner's title had been quieted in the action of Fredenhagen v. Loop Building Company, supra?*

This question must be answered in the negative. Since petitioner was not a party to the original action of *Loop Building Co.* v. *DeCoo,* an order in such case could not affect her interest in the property, and as she had obtained a decree quieting title to such property as against the Loop Building Company, appellants, assignees of such company, have no interest in the property involved and the trial court properly directed the Registrar of Titles to issue a certificate of title free from the claims of appellants.

For the foregoing reasons the judgment and each order from which an appeal is taken is affirmed.

Moore, P. J., concurred.

Mr. Justice Wilson deeming himself disqualified did not participate in the foregoing opinion.

A petition for a rehearing was denied April 2, 1946, and appellants' petition for a hearing by the Supreme Court was denied May 6, 1946.