## PENDER v. BIRD et al.

No. 7344. Decided November 29, 1950. (224 P. 2d 1057.)

Rehearing denied March 20, 1951.

92

*Backman & Backman,* Salt Lake City, for appellant.

*Richards & Bird,* Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff sued to quiet title. From a judgment in favor of the respondents, plaintiff appeals. He argues the following propositions as grounds for reversal: (a) That the court should have granted plaintiff judgment on the pleadings by reason of the plea of the statute of limitations. (b) That the court should have allowed plaintiff to amend to plead estoppel because of laches on the part of defendant.

(c) That judgment quieting title in respondents lacks support in the evidence.

There was no error in denial of the motion for judgment on the pleadings. Plaintiff's plea of Sec. 104—2—5, U. C. A. 1943, could not be sustained in view of the fact the third amended complaint shows on its face that defendants Bird were then in possession of at least some portion of the premises under a claim of right and were collecting the rents, issues and profits. In face of such allegation, the court could not, on the pleadings, hold that defendants were not seized nor possessed of the property in question within seven years before the commencement of the action. For the same reason, Sec. 104—2—6 would not bar any defense or counterclaim of defendants Bird as parties in possession. Sec. 104—2—5.10, enacted in 1943 and amended in 1947, has been held unconstitutional and inoperative in *Toronto* v. *Sheffield*, 118 Utah 460, 222 P. 2d 594. Consequently, the plea of such statute was likewise ineffective. It is true that plaintiff did plead in general terms that he was in possession and had been in possession of the property, but in view of the rule that generally specific allegations control over general allegations, *State* v. *Rolio*, 71 Utah 91, 97, 262 P. 987, some possession on the part of defendants Bird was shown to exist by reason of specific averments in plaintiff's amended complaint. The court could not, therefore, have ruled as a matter of law that defendants were out of possession.

With respect to refusal of the court to grant plaintiff further opportunity to amend after plaintiff filed his fourth pleading, the record shows that had such amendment been allowed plaintiff could not have prevailed in view of the evidence hereinafter set forth.

The remaining question is whether or not there is competent evidence to sustain the trial court's judgment in favor of defendants Bird. On the basis of stipulations of

fact and other admissions made on behelf of the respective parties, in addition to the evidence introduced, the trial court entered judgment of "no cause of action" against plaintiff and quieted the title of defendants Bird against plaintiff and defendant Bowers.

Plaintiff predicated his claim of title on a purported chain of title originating with the patentee. Since the chain can be no stronger than its weakest link, attention at the trial centered on the quitclaim deed from V. Lynn Hansen and wife to plaintiff, Rennold Pender, dated August 14, 1945. Bowers Investment Company on October 6, 1937, had quitclaimed the property to said Hansen. Over the objections of plaintiff, evidence was introduced by the testimony of Hansen that he took a quitclaim deed from Bowers Investment Company, then record owner, as security for payment of a sum of money, and that several months later Hansen was paid in full the amount due and owing to him from that corporation, whereupon he gave a quitclaim deed to defendant Frank B. Bowers, the corporation's president. The corporation was not a party to this action.

Hansen further testified that prior to the time plaintiff contacted him in 1945 to procure a quitclaim deed, he did not regard himself as owner of any interest whatsoever in the property; that when plaintiff approached him with a request for a quitclaim deed, he informed plaintiff in substance that he (Hansen) did not own the property and that he had no interest to sell; and that plaintiff then said that in that case he need not hesitate to give plaintiff a quitclaim deed. At the request of plaintiff and upon payment of $25 Hansen did execute and deliver the quitclaim deed on which plaintiff based his claim of title. Plaintiff did not deny that the land had substantial value. Although plaintiff contradicted some of the testimony of the witness Hansen, his grantor, the trial court was entitled to believe Hansen's version as against plaintiff's testimony, particularly in view of plaintiff's interest.

Plaintiff contends that he was a bona fide purchaser for value. His testimony is to the effect that he relied on the record title in the office of the county recorder showing title in V. Lynn Hansen at the time he procured his quitclaim deed. One who procures a quitclaim deed for a nominal sum of money after being advised that the grantor does not own the property, can neither assert in good faith that he purchased the property without notice of any infirmity in the title, nor that he is a purchaser for value. Plaintiff's claim that he relied on abstracts of title in the office of the county recorder, avails him nothing in view of the fact that he was put on notice by his grantor that the latter then had no title. It is only when a purchaser parts with money constituting the purchase price in reliance on the title of his grantor, without notice of any infirmity in his grantor's title, that the purchaser acts bona fides. The trial court found that plaintiff knew at the time he secured the deed from the Hansens that the latter were not the owners of the property. The finding is supported by the evidence. As explained in *Wisconsin River Land Company* v. *Selover,* 135 Wis. 594, 116 N. W. 265, 267, 16 L. R. A., N. S., 1073:

"* * * Unquestionably the defendant knew that he was purchasing a suspicious and speculative title for a sum hardly more than sufficient to defray the cost of executing the deed  The [recording] statute was not enacted to protect one whose ignorance of the title is deliberate and intentional, nor does a mere nominal consideration satisfy the requirement that a valuable consideration must be paid. Its purpose is to protect the man who honestly believes he is acquiring a good title and who invests some substantial sum in reliance on that belief."

To the same effect, see *Beach* v. *Faust,* 2 Cal. 2d 290, 40 P. 2d 822, and *Warden* v. *Wyndotte Sav. Bank,* 47 Cal. App. 2d 352, 117 P. 2d 910.

The court below did not err in refusing to quiet title in plaintiff. Appellant, however, contends that error was committed in quieting title in defendants Bird. Plaintiff

introduced in evidence the abstract of title which shows the quitclaim deed from Hansen hereinabove mentioned, a county tax deed to defendant R. L. Bird dated September 5, 1945, for a consideration of $350, and a deed from Salt Lake City to defendant R. L. Bird on a sale for special improvement assessments, showing that said defendant paid $910. Plaintiff thereby presented evidence of a tax title in defendant R. L. Bird, and also a subsequent title for special improvement assessments. While plaintiff announced an intention to prove the invalidity of the deed from Salt Lake City, no evidence of any defects was ever offered. Nevertheless, from a colloquy at the beginning of the trial, the court evidently inferred an admission on the part of counsel for defendants that one of the auditor's affidavits required in connection with the assessment of land for taxes, was omitted, since the court found such to be the fact.

Respondents, as herein above noted, had possession of the property at the time of commencement of the action. Even assuming that the tax title from the county was defective, it gave the defendant R. L. Bird color of title which was clearly superior to the claim of record title asserted by plaintiff which was shown to be invalid. Thus, there was before the court a plaintiff with no vestige of title and defendants with color of title who were in possession. Defendant R. L. Bird, in addition, had a title from Salt Lake City which was not admitted by plaintiff to be valid, but which was not proved to be defective. The observation of this court in *Campbell* v. *Union Savings & Investment Company,* 63 Utah 366, 226 P. 190, 193, is in such situation pertinent:

"* * * True it is that defendant now insists that the plaintiff's proof of title is deficient. In view, however, of defendant's answer and counterclaim, that fact cannot affect her rights in the property. * * * If, therefore, the defendant has shown no right to or interest in the premises, which it has not, how can it be heard to complain that the court erred in adjudging plaintiff to be the owner as against the defend-

ant? Certaintly plaintiff's title, however defective it may be, is nevertheless ample to withstand the assaults of the defendant so long as the defendant shows no right, title or interest whatever in the property."

In the foregoing case, the trial court had entered judgment to the effect that the plaintiff was the owner in fee simple of premises in question.

In the instant case the plaintiff's connection with the record title was through a deed which conveyed nothing. Therefore he had no standing in court to object to a decree quieting defendants' title against him. Likewise, he has no standing in this court to attack the decree, since he proved no title in the court below. This disposes of the plaintiff's appeal.

The judgment of the district court is therefore affirmed, with costs to respondents.

PRATT, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.